Pearson, C. J.
 

 1st. It is to be assumed from the verdict, that the
 
 hole
 
 which had several years before, been made in the chimney for the stove-pipe, “ had. been secured safely, i. e. as well as brick and mortar would have secured it.” The fact that the hole liad been made, was, therefore, immaterial, and the plaintiff was not required to disclose it. 2nd.
 
 We
 
 concur with his Honor in the opinion that the insured does not forfeit the benefit of the policy by failing to repair any defect arising
 
 after
 
 the policy issued, unless he is guilty of gross
 
 *356
 
 neglect in respect thereto. But we can see no evidence npon which the question was’ presented. The fact, that after the lire was extinguished, “the piece of sheet-iron” was discovered to be displaced, certainly did'not establish negligence, in the absence of proof that it had been displaced
 
 before
 
 the fire. Indeed, the probability is, if conjecture may be resorted to, that it was knocked out during the tumult and confusion caused by the efforts to extinguish the fire, and remove the goods.
 

 3rd. We also concur in the view taken as to the measure of damages. Throwing the water and removing the goods, were acts done for the purpose of saving them, and the injury caused by the goods being thereby wet and soiled, certainly constituted a part of the damage, and wo think the value of the goods that were stolen, falls under the same principle, being a loss incident to the attempt to save them. Eor whose benefit was the attempt made? Eor that of the defendant; and as the goods that -were saved were allowed in mitigation of the damages, the objection that the portion of them that were lost ought not to be paid for, is made with an ill grace. Had the plaintiff and his wife, instead of exerting themselves in removing the goods, and.putting them back, as soon as the danger was over, stood listlessly by and permitted them to be burnt up, they would have been obnoxious to the charge of gross negligence. Underwriters are liable when the fire is the act of an incendiary and,
 
 a fortiori,
 
 are they liable for the depredations of thieves who avail themselves of the exposure which is unavoidable on such occasions, and which is incident to the attempt to save the goods for their benefit.
 

 Mr.
 
 Bryan
 
 cited no authority for the position that a member of a
 
 mutual
 
 insurance company had not the same rights under his policy that a third person has against an independent underwriter. We can see no principle upon which to base the distinction.
 

 Per Curiam. Judgment affirmed.