EMMA T. POWERS v. CITY OF WILMINGTON ET ALS.

(Filed 29 April, 1919.)

1. **Appeal and Error—Verdict Set Aside—Matters of Law—Findings of Error—New Trial—Discretion.**

    Where the trial judge sets aside a verdict of the jury for errors committed in appellant's favor on the trial and not as a matter within his discretion, which course is not approved (*Shives v. Cotton Mills,* 151 N. C., 294), he should state separately at the time of the trial or in the case on appeal the several rulings he thinks erroneous which induced his action.

2. **Same—Presumptions—Assignments of Error—Objections and Exceptions —Record.**

    On appeal from an order of the trial judge setting aside a verdict of the jury for errors he thinks he has committed on the trial, wherein he has not severally stated them, his action will not be reversed unless the appellant shows error, the presumption being in favor of the correctness of the rulings in the lower court; and the exceptions should be made to

properly appear of record, not only of the appellant but of the appellee, and the former should assign as error the refusal of his motion for judgment upon the verdict and the order setting the verdict aside, on the grounds that there had been no erroneous ruling against the appellee upon the trial.

APPEAL by plaintiff from *Stacy, J.,* at the December Term, 1918, of NEW HANOVER.

This is an action against the city of Wilmington and W. H. McEachern and A. G. Warren to recover damages for personal injury caused, as the plaintiff alleges, by the negligence of the defendants.

The plaintiff was injured on 9 September, 1916, by slipping and falling on the sidewalk on Front Street in Wilmington.

The jury returned the following verdict:

1. Was the plaintiff injured by the negligence of the defendant city of Wilmington as alleged in the complaint? "Yes."

2. Was the plaintiff injured by the negligence of the defendant A. G. Warren, as alleged in the complaint? "No."

3. Was the plaintiff injured by the negligence of the defendant W. H. McEachern, as alleged in the complaint? "No."

4. Did the plaintiff by her own negligence contribute to her injury, as alleged? "No."

5. What damages, if any, is plaintiff entitled to recover? "$3,800."

6. Was the negligence of the defendant W. H. McEachern, if negligent at all, primary and of such a nature as to entitle the city of Wilmington to indemnity and judgment over against the said W. H. McEachern, as alleged? "No."

The plaintiff moved for judgment upon the verdict against the city of Wilmington which was refused, and the plaintiff excepted.

His Honor then set aside the verdict and ordered a new trial as to the city of Wilmington and the defendant A. G. Warren, "not as a matter of discretion but for errors committed in the trial of the cause," and the plaintiff excepted and appealed.

*J. Felton Head and John D. Bellamy & Son, attorneys for plaintiff.*
*Carr, Poisson & Dickson, attorneys for defendant McEachern.*
*Robert Ruark attorney for defendant city of Wilmington.*

ALLEN, J. The record is in a very unsatisfactory condition, and it illustrates the wisdom of the note of disapproval in *Shives v. Cotton Mills,* 151 N. C., 294, of the practice of setting aside a verdict for error in law and not in the exercise of a discretion.

In such cases the party in whose favor the verdict is returned is the appellant, and as he is interested in showing that no error was com-

mitted on the trial in order that he may be entitled to judgment on the verdict, the difficulty of securing a correct statement of case on appeal is greatly increased.

The right of appeal has been recognized in many decisions but the condition must be imposed of requiring the judge to state separately at the time of the trial or in the case on appeal the several rulings he thinks erroneous which induced his action.

In this case the verdict was in favor of the plaintiff, but the judge refused the motion for judgment upon the verdict and set it aside "for errors committed in the trial of the cause," and the plaintiff appealed.

The judge was within his rights to deny the motion for judgment if he had committed error, and the appeal therefore presents the question whether there was error up to the rendition of the verdict, and as the action of the judge was because he thought he had erred against the defendant, the city of Wilmington, the plaintiff must show there was no error against this defendant. "Appellant must show error; we will not presume it, but he must make it appear plainly, as the presumption is against him." *In re Smith's Will,* 163 N. C., 466.

The appellant must also assign the error complained of or it will not be considered. *Carter v. Reaves,* 167 N. C., 132.

The plaintiff has served a case on appeal in which the exceptions of the city of Wilmington were omitted and her own incorporated, and when the judge allowed "many," not all, of the exceptions of the defendant, she assigns this as error, contending "that as the defendants were not appealing they were not entitled to have a record of their objections and exceptions, noted upon the trial, incorporated in the statement of case on appeal."

The appellant then files ten assignments of error, all of them being directed to rulings against the *plaintiff,* and not one to an exception taken by the defendant.

This is a misconception of the status of the appeal and of the parties.

The verdict was in favor of the *plaintiff.* The judge set it aside because he had erred against the *defendant,* in the course of the trial, before the verdict. The plaintiff appealed, contending that there was no error against the defendant, and that therefore the order setting aside the verdict was erroneous, and to sustain his exception to the refusal to grant his motion for judgment and to the order setting aside the verdict, she must show there was no error against the defendant, and this cannot be done unless the exceptions of the defendant appear in the record.

Again, the plaintiff's brief is devoted to a discussion of the sufficiency of the evidence to support the verdict for the plaintiff and to the exceptions taken by the *plaintiff* on the trial, and has no reference

to an exception of the defendant, and we might sustain every contention made in the brief of the appellant and still we would be compelled to affirm the judgment or order of the Superior Court because the brief does not attempt to show that no error was committed against the defendant, which is the question involved in the appeal.

In this condition of the record and the brief, and as all of the exceptions taken by the defendant are not in the record, we cannot say his Honor erred in setting aside the verdict for errors committed in the trial, and his order thereon must be affirmed.

When appeals of this character are being prepared the appellant should make his statement of case on appeal, incorporating the exceptions of the opposing party, and should assign as error the refusal of his motion for judgment and the order setting aside the verdict, for that there was no error in the rulings against said party on the trial, which rulings are as follows, and then copy them.

Affirmed.