D. L. HEWETT v. A. C. MURRAY ET AL.

(Filed 11 December, 1940.)

1. **Wills § 16b—Where propounder, seeking to establish destroyed will, fails to prove instrument such as might be probated, nonsuit is proper.**

   In an action to probate a lost or destroyed will, propounder must show by satisfactory proof that the instrument once existed and was lost or destroyed under circumstances that would defeat an inference of cancellation by testator, and upon failure of proof of an instrument such as could be admitted to probate, there is a failure of proof of the *res,* and therefore a nonsuit is properly entered notwithstanding that the proceeding is *in rem.*

2. **Same—In order to establish instrument as destroyed holographic will, propounder must show that instrument was in testator's handwriting.**

   Propounder's evidence tended to show that the instrument sought to be probated as a will had been destroyed in an accidental fire. Propounder's witness testified that she had seen the instrument, that it was written in ink with the signature of the deceased at the bottom. *Held:* There is failure of proof that the instrument and every part thereof was in the handwriting of deceased, and the evidence is insufficient to establish the alleged holographic will. Whether it is necessary that the handwriting of testator should be proved by three witnesses, *quære.*

3. **Same—Propounder failing to establish destroyed will is not entitled to recover from heirs value of property which would have been devised.**

   In an action to probate a destroyed will, propounder's contention that even in the absence of sufficient evidence to establish the instrument as a

will, he should recover from the heirs at law at least the value of the property which his evidence tended to show deceased intended to bequeath and devise to him, is untenable, first because the remedy is inappropriate to his declaration, and second, because he has sustained no wrong at the hands of the heirs at law who inherit the property upon failure of proof of testamentary disposition.

APPEAL by plaintiff from *Stevens, J.,* at December Term, 1939, of NEW HANOVER. Affirmed.

This is a proceeding to have established and admitted to probate, in solemn form, a lost or destroyed paper writing alleged to be the last will and testament of A. R. Murray, deceased. It was alleged that the purported will was entirely in the handwriting of the testator, and duly signed by him; that it was put in a place with his valuable possessions and was destroyed in a fire which burned the small dwelling occupied by him on the outskirts of Wilmington, North Carolina.

The proceeding is brought by D. L. Hewett, who claims to be a beneficiary under the will. Petitioner's evidence tended to show that Murray lived in a little shack made of scraps, cardboard, tin, and paper, located at the end of Gibson Avenue, in a low, swampy place. His custom was to go from house to house in the morning and gather up garbage. Long prior to his death somebody shot Murray, and Hewett, who was named as beneficiary in the will, nursed him and was looking out for him. Hewett was attentive to Murray and was known to have been very helpful to him on numerous occasions, looking out for him and performing many acts of friendliness.

Murray frequently spoke of Hewett and the attention he had given him and of the fact that he had left him his property in a will; and on occasion exhibited this will to one or more persons, who testified regarding it. One witness, Mrs. Ella Beck, a step-daughter of Murray, stated that the Murray house was about two and one-half blocks from where she lived; that Mr. Murray depended upon Mr. Hewett a great deal. That he had been to Mr. Hewett by day and night numbers of times, and that "when Mr. Murray would go off he would come by and ask Mr. Hewett to look out for him." On the last of October before his death in December, Murray told her that he was going to bring a paper up for her to read. Within the next day or two he brought a paper, saying, "This is my will, you can read it," which the witness did. The witness described the will substantially to the effect that it left Hewett the property of Murray on Gibson Avenue and on the creek, and a half interest in his chickens and an heir's part of the rent of his property "with my brothers and sisters," and the will made D. L. Hewett his executor. The will was written in ink, with the signature of Hewett at the bottom.

Some time in December the little shack where Murray lived was destroyed by fire and Murray was so seriously burned that he died shortly thereafter in the hospital. Before his death, however, he told some attendants where they might find the sum of $35.00 to $38.00 in the chinks of the shack if it had not been burned up, and also that they would find his papers, or papers belonging to himself and Mr. Hewett, in a certain container in a place which he described.

The container described by Murray contained only the ashes of the papers, which had been destroyed by the fire.

Upon the hearing, the petitioner introduced no witness other than Mrs. Beck to testify as to the signature of the will or the handwriting, or of its holographic character. Neither Mrs. Beck nor any other witness testified that the will was wholly in the handwriting of Murray. In a supplemental brief we are assured that if testimony of Mrs. Beck could not be construed as evidence that the entire will was in the handwriting of Murray, that upon a subsequent trial, if permitted, she would so testify; but this is, of course, outside of the record.

*Emmett H. Bellamy, Nathan Cole, and Isaac C. Wright for plaintiff, appellant.*

*Clifton L. Moore and Kellum & Humphrey for defendants, appellees.*

SEAWELL, J. The petitioner's counsel insist that there can be no nonsuit in the present case, since they regard it as a proceeding to probate a will in solemn form and, therefore, a proceeding *in rem*. But there cannot be a proceeding *in rem* unless there is first a *res*. Usually the proponent of a purported will is able to offer the paper writing in its physical integrity. If lost or destroyed, he makes profert in a more intangible way, through satisfactory proof that it once existed and was lost or destroyed under circumstances that would defeat an inference of cancellation by the testator.

If we concede that most of the preliminary steps toward the establishment and probate of a destroyed holographic will might be taken with the aid of one witness, as in the case of a will with witnesses—*In re Will of Martha Hedgepeth,* 150 N. C., 245, 63 S. E., 1025—in both cases it is necessary to show that the document was such as might be probated as a will. What difficulties petitioner might further encounter in an attempt to proceed with the probate in solemn form in the absence of the oath of the three witnesses prescribed by statute, that the will is entirely in the handwriting of the testator, we need not now inquire. As we have seen, the evidence does not go so far as to show from even one witness that any part of the purported will was in the handwriting

of Murray, except, possibly, the signature. This is, of course, insufficient.

The petitioner contends that he should at least recover of respondents the value of the estate withheld from him—an estate to which he has not advanced any theory of legal right except through the alleged lost or destroyed will. Such a remedy would, of course, be inappropriate to the declaration or petition, if it had any foundation. The petitioner has sustained no wrong at the hands of those who inherit the property failing testamentary disposition and the proceeding discloses no justiciable complaint against them in connection with such inheritance.

The judgment is

Affirmed.