M. D. AKIN v. FIRST NATIONAL BANK OF WINSTON-SALEM ET AL.

(Filed 21 May, 1947.)

**1. Appeal and Error § 40b—**

Where the trial court sets aside a verdict for error of law and not as a matter of discretion, the ruling is appealable provided the error is specifically designated, and error in failing to have directed a verdict for plaintiff is sufficient for this purpose.

**2. Husband and Wife § 14—**

Where a husband purchases realty and has the deed made to a trustee of a passive trust for the benefit of himself and wife, nothing else appearing, the instrument creates an estate by entirety. G. S., 41-7.

**3. Reformation of Instruments § 10—Evidence held insufficient to show mutual mistake or mistake of draftsman as basis for reformation of deed.**

The evidence tended to show that claimant's adoptive father made declarations before and after, but none contemporaneously with, his purchase of the realty in question, to the effect that he was buying, or had bought, it for claimant and her children, but that he usually added that he wanted her to have a place to live as long as she "did right," and that he was not having deed made to her in order to prevent her from losing or disposing of the property. The evidence further tended to show that he instructed the draftsman to make the deed to a bank as trustee for himself and wife, and that the deed was executed according to his instructions. *Held:* The evidence is insufficient to be submitted to the jury on the issue of reformation of the deed to enforce a parol trust in the adopted child's favor, there being no evidence of mutual mistake or error on the part of the draftsman.

APPEAL by intervener from *Pless, J.,* at September Term, 1946, of DAVIDSON.

Civil action by widow to require trustee in deed to execute release to her or to remove cloud on title.

Intervention by adopted daughter to reform deed and to enforce trust alleged to have been declared and intended for her benefit by foster father.

It appears that on 22 January, 1944, plaintiff's husband, A. M. Akin, purchased from C. C. Kiger and wife a house and lot in Davidson County and had the deed made to "The First National Bank of Winston-Salem, Forsyth County, N. C., Trustee for A M and M D Akin," the named *cestuis* being husband and wife. A. M. Akin, the husband of plaintiff, died prior to 5 July, 1945, on which date the plaintiff instituted this action, alleging that the deed in question created a passive or inactive trust, with title and use or right of possession in the *cestuis,* and that upon the death of plaintiff's husband she became the sole owner thereof

by right of survivorship. Wherefore, she asked to be declared the owner in fee simple of the real estate described in the deed and that the defendant Bank be directed to execute to her a deed in clarification of her title.

The defendant Bank filed answer, admitted the passive character of the trust, and disclaimed any interest in the property.

Thereafter, Betty Akin Miller, adopted daughter of A. M. and M. D. Akin, with leave of the court, intervened and alleged that the property was purchased for her and her children by her foster father, so declared by him before and after the purchase, and that his intentions were not properly expressed in the deed because of mutual mistake and error of the draftsman.

In substantiation of her claim, the intervener offered evidence tending to show that her foster father declared on numerous occasions, before and after the purchase, that he was buying and had bought the property in question for his adopted daughter and her children; that a life estate would go to her and the fee to her children. He added, however, that he wanted it put in trust because he was afraid his adopted daughter and her husband would run through with it, or give a mortgage and lose it, and that he had instructed the draftsman to draw the deed accordingly.

The plaintiff in reply, and by cross-examination of intervener's witnesses, produced and elicited evidence tending to show that Mr. Akin told his grantor "he bought this property for his daughter to live in as long as they would do all right; that he didn't make her any deed so she couldn't dispose of it."

The broker, who drafted the deed, testified that Mr. Akin spoke of buying the property for his adopted daughter, but "when we closed the trade he told me he would make the deed to himself and his wife with the First National Bank as Trustee; that he didn't want to make the property to her (adopted daughter) because they might run through with it. . . . He said something about she was to have it to live in if she acted right. . . . Mr. Akin gave me instructions as to how to have the deed prepared. The deed was prepared in accordance with his instructions. . . . I told my stenographer to draw the deed. I put it down like he told me."

The Vice-President of the Bank testified that Mr. Akin "said he wanted to buy a home for his daughter and he wanted it put in trust so she could stay there as long as she paid the insurance and the taxes and behaved herself. He said he wanted the bank as trustee so he could control the property. He said it was made in the name of the bank as trustee; if anything happened to him it would be his wife's and if anything happened to his wife it would be his."

The intervener has lived in the house with her family since its purchase in January, 1944.

The jury returned the following verdict:

"1. Did A. M. Akin create a trust in the real estate, described in the complaint, for Betty Akin Miller, for her life, with the remainder to the heirs of her body, as alleged in the pleadings of Betty Akin Miller? Answer: Yes.

"2. Is the plaintiff, as the widow of A. M. Akin, the owner of and entitled to the possession of the property described in the complaint, and in the deed recorded in Deed Book 156, page 429, in the office of the Register of Deeds of Davidson County, North Carolina? Answer: No."

Upon the coming in of the verdict, the court of its own motion set it aside for error in failing to direct a verdict for the plaintiff on the first issue in accordance with her prayer.

From this action, the intervener appeals, assigning error.

*Thomas D. Carter, Ratcliff, Vaughn, Hudson & Ferrell, and P. V. Critcher for plaintiff, appellee.*

*Elledge & Hayes and H. Bryce Parker for intervener, appellant.*

STACY, C. J. When a verdict is set aside for error or errors in law, committed during the trial, and not as a matter of discretion, the party thereby aggrieved may appeal, provided the error or errors are specifically designated. *Powers v. Wilmington,* 177 N. C., 361, 99 S. E., 102; *Rankin v. Oates,* 183 N. C., 517, 112 S. E., 32; *Smith v. Winston-Salem,* 189 N. C., 178, 126 S. E., 514. See, *Likas v. Lackey,* 186 N. C., 398, 119 S. E., 763; *Godfrey v. Queen City Coach Co.,* 200 N. C., 41, 156 S. E., 139. Here, the error which induced the court's action is stated as the failure to direct a verdict for the plaintiff on the first issue in accordance with her request. This suffices for the appeal.

If we look only at the deed it appears to create a passive or naked trust for the benefit of the named *cestuis* who were husband and wife. Hence, under the statute, G. S., 41-7, and the provisions of the instrument, the *cestuis* would seem to take an estate by the entirety. *Security Nat. Bank. Admr., v. Sternberger, Trustee,* 207 N. C., 811, 178 S. E., 595; *Gold Mining Co. v. Lumber Co.,* 170 N. C., 273, 87 S. E., 40; *Davis v. Bass,* 188 N. C., 200, 124 S. E., 566; *Motley v. Whitemore,* 19 N. C., 537. Such was the holding in *Harris v. Distributing Co.,* 172 N. C., 14, 89 S. E., 789.

The evidence offered on behalf of the intervener falls short of establishing a trust in her favor. It is true, her foster father declared on several occasions that he was buying, or had bought, the property for his adopted daughter and her children, but these were usually accompanied by expressions, such as, "to live in as long as they would do all right," and "that he didn't make her any deed so she couldn't dispose of it." He also expressed the fear that she might "run through with it," or

lose it, and that he expected to put it in trust so he could control it. Then, when he finally came to close the transaction, he instructed the broker to have the deed made as it appears of record. There is no evidence of any mutual mistake or error on the part of the draftsman. It is as the purchaser wanted it.

It is to be noted that some of the declarations, upon which the intervener relies to establish a parol trust in her favor, were made before, and some after, but none contemporaneously with the transmutation of the legal title. *Furniture Co. v. Cole,* 207 N. C., 840, 178 S. E., 579; *Lefkowitz v. Silver,* 182 N. C., 339, 109 S. E., 56; *Sykes v. Boone,* 132 N. C., 199, 43 S. E., 645; *Williams v. Honeycutt,* 176 N. C., 102, 96 S. E., 730; *Blackburn v. Blackburn,* 109 N. C., 488, 13 S. E., 937; *Pittman v. Pittman,* 107 N. C., 159, 12 S. E., 61; *Wood v. Cherry,* 73 N. C., 110. And those which were made before the transmission of the legal title were revoked or changed when instructions were given for the preparation of the deed.

All of these considerations distinguish the instant case from those cited and relied upon by the intervener. In fact, we have found no decision, and none has been called to our attention, which would seem to sanction a judgment in her favor on the facts presently appearing of record.

There was no error in setting aside the verdict for the cause assigned. Affirmed.