IN THE MATTER OF THE WILL OF ETHEL E. HERRING,
DECEASED

No. 734SC120

(Filed 12 September 1973)

1. Rules of Civil Procedure § 59— motion to set aside verdict and for new trial — review

Where no question of law or legal inference is involved, a motion to set aside the verdict is addressed to the sound discretion of the trial court and its ruling is not subject to review in the absence of an abuse of discretion, but when a judge presiding at a trial grants or refuses to grant a new trial because of some question of law or legal inference which the judge decided, the decision may be appealed and the appellate court will review it.

2. Appeal and Error § 62; Rules of Civil Procedure § 59— new trial for errors of law — failure to specify errors — result

Where the trial court erred in setting aside the verdict and ordering a new trial for errors of law committed at trial without specifying the errors upon which his action was based, the court on appeal would ordinarily reverse the order and remand the case for entry of judgment on the verdict; however, where the ends of justice require, the court will order the verdict rendered to be set aside and a new trial had.

3. Rules of Civil Procedure § 59; Wills § 23— probate of lost holographic will — error in instructions — new trial ordered

In a proceeding to probate an alleged lost holographic will of testatrix, the trial court incorrectly instructed the jury on the quantum of proof required to show the existence of a lost instrument; therefore, since the trial court's order setting aside the verdict may not be affirmed because of errors appearing on the face of the record, and since to reverse and remand the case for entry of judgment on the verdict rendered would invite an appeal by the caveators which could only result in a new trial, and since the ends of justice require a new trial, the order appealed from is vacated and a new trial ordered.

APPEAL by propounder from *Peel, Judge,* 28 August 1972 Session of Superior Court held in SAMPSON County.

This is a civil proceeding, instituted before the Clerk of Superior Court of Sampson County, to probate in solemn form an alleged lost holographic will of Ethel E. Herring who died on 20 March 1969. The respondents, Robert Herring, Martha H. Lowder, Ellen H. Smith, James Herring, A. Whitfield Herring, Mary H. Johnston and Tabitha Herring (caveators) filed an answer denying the material allegations of the petition; whereupon, by order of the clerk, the case was transferred to the civil

issue docket of the superior court for trial. The following issues were submitted to and answered by the jury as indicated:

"1. Was there a paper writing containing the language which is on propounders' exhibit 3, including Ethel Herring's name, and was the said paper writing found among her valuable papers and effects after her death, as alleged by the propounders?

ANSWER: Yes.

2. If so, was said paper writing and every part thereof in the handwriting of the deceased Ethel Herring, and was it her intention that the said paper writing should be operative as her last will and testament?

ANSWER: Yes.

3. If so, has the said paper been lost or destroyed since the death of Ethel Herring, as alleged by the propounders?

ANSWER: Yes.

4. Is said paper writing the valid and last will and testament of said Ethel Herring?

ANSWER: Yes."

Upon rendition of the verdict, the caveators moved, pursuant to G.S. 1A-1, Rule 59, for a new trial (1) "because of the insufficiency of the evidence to justify a verdict and also on the basis that the evidence of testamentary intent was not present" and (2) pursuant to Rule 59 (a) (8), for "error in law during the trial, objected to by the caveators or respondents."

On 15 September 1972, the trial judge entered an order in pertinent part as follows:

"[T]he court, being of the opinion that the verdict of the jury should be set aside as a matter of law for the following reasons:

(a) That Nello L. Martin, Administrator DBN, was appointed to said office on August 28, 1972, and was served a citation in the cause on August 28, 1972, but that said Administrator, who was a necessary party, under the facts of this case did not have as a matter of law ample time within which to appear, file pleadings and adequately participate in the trial.

(b) That errors of law were committed by the Court during the trial which were materially prejudicial to the caveators.

IT IS NOW ORDERED by the Court *upon its own motion* that the verdict herein rendered as aforesaid, for the reasons above set out, be and the same is hereby set aside and a new trial granted.

By stipuation of the parties, this Order is signed more than ten days subsequent to the end of the August 28, 1972, Session of the Sampson County Superior Court, and is also signed out of the County." (Emphasis ours.)

The propounder appealed.

*Chambliss, Paderick & Warrick by Benjamin R. Warrick for propounder appellant.*

*Warren & Fowler by Miles B. Fowler for caveator appellees.*

HEDRICK, Judge.

The only exception is to the order setting aside the verdict and granting a new trial. Therefore, our review is limited to the question of whether error appears on the face of the record.

A new trial may be granted to all or any of the parties and on all or part of the issues for an error in law occurring at the trial and objected to by the party making the motion. G.S. 1A-1, Rule 59(a)(8). G.S. 1A-1, Rule 59(d) provides:

"Not later than 10 days after entry of judgment the court of its own initiative, on notice to the parties and hearing, may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor."

[1] Where no question of law or legal inference is involved, a motion to set aside the verdict is addressed to the sound discretion of the trial court and its ruling is not subject to review in the absence of an abuse of discretion. *Pruitt v. Ray,* 230 N.C. 322, 52 S.E. 2d 876 (1949); *Goodman v. Goodman,* 201 N.C. 808, 161 S.E. 686 (1931); *Glen Forest. Corp. v. Bensch,* 9 N.C. App. 587, 176 S.E. 2d 851 (1970). But when a judge presiding at a trial grants or refuses to grant a new trial because of some question of law or legal inference which the judge decides, the decision may be appealed and the appellate court will review

it. *McNeill v. McDougald,* 242 N.C. 255, 87 S.E. 2d 502 (1955) ; *Akin v. Bank,* 227 N.C. 453, 42 S.E. 2d 518 (1947).

The order appealed from, setting aside the verdict and granting a new trial *for errors of law committed during the trial,* clearly was made on the court's own initiative and while the record seems to indicate the parties stipulated that the order could be signed out of the county and more than ten days "subsequent to the end of the August 28, 1972, Session of the Sampson County Superior Court," there is nothing in the record to show that the order was entered after "notice to the parties and hearing" as required by Rule 59 (d). Moreover, the caveators' motions, made in apt time, have not yet been ruled on.

[2]   We point out that neither the caveators' motion for a new trial under Rule 59 (a) (8), nor the court's order for a new trial entered on its own initiative upon the same grounds [Rule 59 (a) (8)], specifies the errors of law committed during the trial which were prejudicial to the caveators. Obviously, without more specificity, the appellate court would be forced to embark on a voyage of discovery through an uncharted record to find the errors of law referred to in the order. *Roberts v. Hill,* 240 N.C. 373, 82 S.E. 2d 373 (1954) ; *Akin v. Bank, supra; Jenkins v. Castelloe,* 208 N.C. 406, 181 S.E. 266 (1935) ; *Powers v. City of Wilmington,* 177 N.C. 361, 99 S.E. 102 (1919).

Since the trial court erred in setting aside the verdict and ordering a new trial for errors of law committed at trial without specifying the errors upon which his action was based, we would usually reverse the order and remand the case for entry of judgment on the verdict rendered. Then the caveators, as the parties aggrieved, would have the right to appeal to this court for hearing only upon assignments of error in matters of law preserved, assigned and relied upon by them. *Watkins v. Grier,* 224 N.C. 334, 30 S.E. 2d 219 (1944).

However, where the ends of justice require, this court will order the verdict rendered to be set aside and a new trial had, to the end that the whole case may be properly developed on a new trial in accordance with the usual course and practice. *Watkins v. Grier, supra; Jernigan v. Neighbors,* 195 N.C. 231, 141 S.E. 586 (1928) ; 1 Strong, N. C. Index 2d, Appeal and Error § 62.

[3]   It is apparent from a review of the court's charge that the court incorrectly instructed the jury that the quantum of

evidence necessary for the propounder to prove the existence of the alleged lost will was by the greater weight of the evidence. The proper quantum of proof to show the existence of a lost instrument is proof which is clear, strong and convincing. See *Hewett v. Murray,* 218 N.C. 569, 11 S.E. 2d 867 (1940); 57 Am. Jur., Wills, § 568, § 981; 30 Am. Jur. 2d, Evidence, § 1167; Annot., 41 A.L.R. 2d 393.

Therefore, since the order appealed from may not be affirmed because of errors appearing on the face of the record, and since to reverse and remand the case for the entry of judgment on the verdict rendered would invite an appeal by the caveators which could result only in a new trial, and since in our opinion the ends of justice require a retrial, we vacate the order appealed from, set aside the verdict rendered, and order a new trial; so that the whole case may be developed in accordance with the usual course and practice.

New trial.

Chief Judge BROCK and Judge VAUGHN concur.