ROSE ACOSTA JACOBS v. MICHAEL GRADY LOCKLEAR

No. 8216SC1245

(Filed 15 November 1983)

1. **Negligence § 35.4— contributory negligence not shown—failure to grant judgment notwithstanding verdict error**

   The trial court erred in failing to grant plaintiff's motion for a judgment notwithstanding the verdict concerning the issue as to whether plaintiff contributed to her own injuries sustained in an automobile accident where the evidence tended to show that plaintiff, a pedestrian, was standing in a static position of safety in front of her own automobile when defendant backed his car into her and pinned her between the two automobiles and where there was no evidence that plaintiff knew defendant's vehicle was moving backwards until after the collision.

2. **Trial § 11— comment on defendant's failure to testify—proper**

   In a civil trial, the trial judge erred in refusing to allow plaintiff's counsel to comment on defendant's failure to testify.

   Judge HILL dissents.

APPEAL by plaintiff from *Lane, Judge.* Judgment entered 1 September 1982 in Superior Court, ROBESON County. Heard in the Court of Appeals on 20 October 1983.

Civil action wherein plaintiff seeks to recover for personal injuries sustained in an automobile accident in which plaintiff was pinned between the front of her motor vehicle and an automobile owned and driven by the defendant. At the conclusion of the evidence, issues were submitted to the jury and answered as follows:

1. Was the plaintiff, ROSE ACOSTA JACOBS, injured or damaged by the negligence of the defendant, MICHAEL GRADY LOCKLEAR?

Answer: Yes.

2. Did the plaintiff, ROSE ACOSTA JACOBS, by her own negligence contribute to her injury or damage?

Answer: Yes.

3. What amount, if any, is the plaintiff, ROSE ACOSTA JACOBS, entitled to recover for personal injury?

Answer: _____.

Judgment was entered upon the verdict from which plaintiff appealed.

*Britt and Britt by William S. Britt for plaintiff appellant.*

*Page and Baker by H. Mitchell Baker, III, for the defendant appellee.*

BRASWELL, Judge.

The plaintiff assigns as error the trial court's denial of her motions for directed verdict and for judgment notwithstanding the verdict. Since the state of the evidence necessary for a judgment notwithstanding the verdict is the same as that which requires a directed verdict, we consider these assignments collectively. Upon motion for a directed verdict in favor of the plaintiff, the defendant is entitled to the most beneficial construction of the evidence which it will reasonably bear. *Marshall v. Hubbard,* 117 U.S. 415, 29 L.Ed. 919, 6 S.Ct. 806 (1886). The evidence considered in this light tends to show the following sequence of events.

On the night of 6 July 1980 plaintiff and defendant along with members of their families and friends attended a party at a pack-

house at Evans Crossroads. Food and alcoholic beverages were served at the party, but plaintiff drank a Pepsi Cola and nothing else. Automobiles were parked on both sides of the public road opposite the packhouse. Defendant's automobile was parked in a row of cars some ten to twelve feet in front of plaintiff's car. The area was well lighted.

Plaintiff, her husband, Eddie, her sisters Debra and Wanda, her brothers-in-law Pete and Ventis, went to her car at about 12:00 or 12:15 a.m. for the purpose of leaving. Because the traffic was rather heavy in both directions, they waited to leave and stood between plaintiff's car and defendant's car, engaging in general conversation. While plaintiff was standing in front of her car, she saw the defendant go to the car parked ten to twelve feet in front of her and open the door. She did not hear or see him start the vehicle. Plaintiff's attention was upon her brother-in-law, Ventis, with whom she was having a conversation.

Defendant was intoxicated. He started his car and without warning placed it in reverse, backed toward plaintiff, pinning her between the front of her car and the rear of defendant's car. Plaintiff sustained injuries to her legs. Others in plaintiff's party moved out of the path of defendant's car to safety.

[1]  We hold that it was error not to grant the plaintiff judgment notwithstanding the verdict as to the second issue regarding contributory negligence. By analysis, the plaintiff, a pedestrian, standing in a static position of safety in front of her own automobile which was off the traveled portion of the roadway and on the shoulder, had no duty to anticipate that the defendant, parked about 12 feet in front of her, would negligently back his automobile against her. There is no evidence that she knew his vehicle was moving backwards until after the collision. There is no evidence that the plaintiff was aware or should have been aware that the defendant was backing up at the moment he did so. She did not hear him "crank up" his car. She never at any time saw his car back up. She never heard any horn or any sound of his car. There was no failure to keep a proper lookout for her own safety.

Immediately preceding the impact she was talking to her brother-in-law, Ventis Rogers, and her attention was directed to him. The plaintiff's husband, Eddie, and her sister, Debra, were

standing three feet from the plaintiff and closer to and in the path of the defendant's car. The presence and location of these people added to her own zone of safety and increased her right not to anticipate that any imminent danger awaited her. From the facts before us, there was nothing that she negligently failed to do that endangered her safety.

The only allegation of contributory negligence, although stated in four parts in the answer, is her failure to act as a prudent person. In substance, the total allegations are that the plaintiff stood in an area of danger between two parked automobiles, that she remained between the cars when she knew that the defendant had entered his automobile, that she knew or should have known that the defendant would have to back up his automobile before leaving and "due to the darkness might not know that the defendant [*sic*] was behind him," and that she imprudently failed to remove herself from danger. We hold the evidence does not support these allegations.

Plaintiff also assigns as error the denial of her motion for a new trial on grounds that the verdict was not justified by the evidence. A motion to set aside a verdict and order a new trial is addressed to the sound discretion of the trial judge and "his ruling thereon is irreviewable in the absence of manifest abuse of discretion." *Britt v. Allen*, 291 N.C. 630, 635, 231 S.E. 2d 607, 611 (1977). We hold that the plaintiff has shown an abuse of discretion by the trial court in its denial of plaintiff's motion for a new trial. As a matter of law, there being no evidence upon which to submit to the jury an issue of contributory negligence, it was prejudicial error to do so.

[2] Finally, at trial the judge refused to allow plaintiff's counsel to comment on defendant's failure to testify. Being a civil matter, this refusal was error. "The truth of the facts was peculiarly within [defendant's] knowledge, and he was a competent witness. That he failed to go upon the stand [in a *civil* case] and contradict evidence affecting him so nearly was a pregnant circumstance which the jury might well consider, and which counsel, within proper limits, might call to their attention." *Hudson v. Jordan*, 108 N.C. 10, 12-13 (1891), 12 S.E. 1029, 1030, *reh. denied*, 110 N.C. 250, 14 S.E. 741 (1892). The *Hudson* court makes this point noting that the witness was in court but did not take the stand. We see

no distinction in that case from the present case where the witness was absent from the courtroom.

However, the jury answered the first issue in favor of the plaintiff, establishing defendant's negligence. Hence, the trial court's ruling did not adversely affect the plaintiff on the only issue to which it was relevant.

Because of prejudicial error in submitting to the jury the issue of contributory negligence, we reverse and order a new trial.

New trial.

Judge ARNOLD concurs.

Judge HILL dissents.