ERASTUS JONES DURHAM v. QUINCY MUTUAL FIRE INSURANCE COMPANY

No. 519PA83

(Filed 6 July 1984)

**1. Insurance § 122— fire insurance—exclusion of evidence relating to possible motive for plaintiff burning home—no error**

In an action on a fire insurance policy issued by the defendant to plaintiff and his wife, the trial court did not err in excluding conjectural and remote evidence concerning plaintiff's wife's desire to have possession of the home after plaintiff and his wife separated. Defendant did not establish that plaintiff had any knowledge, prior to the fire, of plaintiff's wife's desire to have possession of the house, and any relevance of the evidence was clearly outweighed by the potential of the evidence to confuse and mislead the jury.

**2. Appeal and Error § 31— no objection at trial to jury instructions—error for Court of Appeals to consider issue**

Where defendant did not take any exception to the jury instructions nor make any assignment of error to the jury charge as given, it was error for the Court of Appeals to consider the issue of the jury instructions. App. 10(b)(2).

**3. Evidence § 19— exclusion of evidence concerning similar fire—no error**

The trial judge properly excluded evidence that about ten years prior to the fire relative to this appeal, plaintiff and his wife were separated and another fire loss occurred in property they jointly owned. Any possible relevance of plaintiff's actions ten years ago was far outweighed by the unwarranted prejudice the evidence could produce.

**4. Trial § 33.1— failure to submit as issue to jury plaintiff's failure to submit to "examinations under oath"—no error**

The trial court properly failed to submit an issue to the jury of whether plaintiff failed to submit to an examination under oath by defendant pursuant to G.S. 58-176(c) where the facts disclosed that plaintiff complied with the policy requirements pertinent to that statute.

**5. Trial § 33.1— no abuse of discretion in failure to submit issue to jury**

In an action on a fire insurance policy, the trial court did not abuse its discretion in failing to submit as an issue to the jury whether plaintiff increased the hazard of loss in breach of the policy since there was no evidence that plaintiff intentionally increased the hazard of loss. G.S. 1A-1, Rule 49(b).

Justice MITCHELL did not participate in the consideration or decision of this case.

ON discretionary review upon plaintiff's petition, pursuant to N.C.G.S. 7A-31, of the decision of the Court of Appeals, 63 N.C. App. 700, 306 S.E. 2d 499 (1983), setting aside the judgment in

favor of plaintiff entered by *McConnell, J.*, at the 3 May 1982 session of Superior Court, FORSYTH County. Heard in the Supreme Court 10 May 1984.

This is an action on a fire insurance policy issued by the defendant to plaintiff and his wife insuring their house located at 1750 Reynolda Road, Winston-Salem. On 13 January 1977, the house was destroyed by fire. At that time, Mr. and Mrs. Durham had been living separate and apart for about four months.

On 27 June 1978, plaintiff brought suit seeking recovery of the full policy limits of $80,000 for the dwelling, $40,000 for the contents, and $600 for additional living expenses. The defendant filed answer, admitting the policy but denying liability, alleging (1) plaintiff had failed to submit to an examination under oath, a condition in the policy, and (2) plaintiff himself intentionally set the fire.

The case came on for trial before Judge McConnell during the 3 May 1982 session of superior court, the parties stipulating that the liability issue should be severed and tried first. The only issue submitted to the jury was: "Was the fire intentionally caused by the plaintiff, E. J. Durham?" The jury answered this issue no. Judge McConnell thereupon entered a judgment against defendant on the question of liability, reserving the issue of damages for a later trial. The parties stipulated as to damages, and a judgment in the sum of $53,576.73 was entered upon the stipulation by Judge Albright in June 1982.

The Court of Appeals ordered a new trial. That court held: (1) Judge McConnell erred in excluding certain evidence which it found relevant to plaintiff's possible motive for setting the fire; (2) Judge McConnell misstated the substance of a witness's testimony in his instructions to the jury.

This Court granted plaintiff's petition for discretionary review on 6 March 1984.

*Morrow and Reavis, by John F. Morrow, for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter and Richard T. Rice, for defendant appellee.*

MARTIN, Justice.

We have examined all of the errors assigned by the defend-ant and, in particular, the two errors upon which the Court of Ap-peals has based its decision to award the defendant a new trial, and we reverse. For reasons which follow, we conclude that the trial of this case and the judgment entered thereupon must be sustained.

[1] The defendant fire insurance company attempted to show at trial that a possible motive for plaintiff's intentionally setting the fire arose out of an ongoing dispute between plaintiff and his estranged wife, in which Mrs. Durham was insisting that she be awarded possession of the marital residence.

On cross-examination, plaintiff testified as follows:

Q. Sometime before this loss on January thirteen, 1977, have you ever made a statement to anyone that you would make sure that your wife wouldn't get possession of that house?

A. No sir, not that I recall. She said she didn't want the house; that it was too much upkeep; that she wanted some-thing that was not so much upkeep.

And I had never asked any attorney when I had been in-formed that when a woman left a man deliberately, that the law had been changed, and that she would not get the house. And she had never asked for the house at that time.

And I did find something later on where she did ask for the house, after the fire. Now, I could have been telling her this and they got the idea, but, as I say, she would never live there any more, definitely out of the blue sky, I don't ever recall having that talk. Mrs. Bennett, myself, we talked about something like that. She's the one that telling me what my ex-wife said; she didn't want the house.

Q. Who is Mrs. Bennett?

A. Annie Bennett is all I know. She's a friend of my—mine and my wife.

To rebut this testimony and to establish that plaintiff's wife had demanded possession of the house *before the fire,* defendant

called Mrs. Durham as a witness. In the presence of the jury, the following transpired:

Q. (By Mr. Gitter, continuing) Have you, at any time prior to the fire that occurred on January 13, 1977, made a demand upon Mr. Durham for possession of the house on Reynolda Road so that you could live in—separate and apart from him?

THE COURT: You can answer that.

THE WITNESS: I had not made a demand in Court yet; but—

MR. MORROW: Objection.

THE COURT: Objection sustained. I don't know what she meant.

. . . .

Q. Did you ever have any conversation with Mr. Durham about possession of the house prior to the fire?

A. No.

In the absence of the jury, defense counsel sought to introduce a document in connection with a 1976 divorce action instituted by Mrs. Durham against plaintiff: "All I'm trying to show is, Your Honor, in connection with this action that was instituted for divorce by Mrs. Durham against Mr. Durham that in connection with that, she had made demand for possession of the home of the parties."

There followed this exchange between Mrs. Durham and defendant's attorney:

And upon looking at the order, does the order not further state that it is upon motion of the plaintiff for alimony pendente lite possession of the home of the parties, custody of the minor child born to the marriage, child support and attorneys fees?

A. That's what it says, but, I—I couldn't remember all the details.

. . . .

Q. (By Mr. Gitter, continuing) And, after seeing it here, does that refresh your recollection?

A. Yes.

Q. And did you, in connection with this proceeding, make a demand for possession of the home?

A. I don't know. I've been through too many hearings to really know.

Defense counsel then sought to introduce, still out of the presence of the jury, a copy of the verified complaint from a divorce proceeding initiated by Mrs. Durham ten years earlier in 1966, in which she did make a specific demand for possession of the Reynolda Road dwelling house. The Durhams were reconciled before any order was entered in that action. Defendant's attorney then returned to the 1976 divorce action upon which the defendant's motive theory in this case rests:

Q. And in connection with the action that your attorneys then filed in 1976 after your second separation, did you inform your attorneys that you wanted possession of the house?

A. Yes. I wanted possession of the house because I had a minor child.

Q. And that's the reason that you wanted to have possession of the house here on Reynolda Road?

A. (The witness nods her head up and down.)

When Judge McConnell repeated his decision to sustain plaintiff's objection to the introduction of this testimony, counsel for the plaintiff noted the following:

I appreciate your sustaining my objection. They have read from the order that you know, your official paragraph—this cause coming on to be heard—refers to, of course, possession of the house, and they are using that to refresh this lady's recollection which would be improper; but I would like to point two things out for the Court.

The complaint in this file which, of course, was sworn to by her and verified, does not request possession of the house

in any manner, nor does the notice of hearing that's contained in this file and, you know, maybe one of those could be used to refresh her recollection if they laid a proper groundwork for that, but obviously it's to the contrary and I would like to point that out just for the record.

THE COURT: Well, I'm not going to let that in. I think it's going too far afield.

Judge McConnell's exclusion of this testimony was lawful and proper. The record above reveals that even a number of promptings by defense counsel did not help Mrs. Durham to remember whether she had sought possession of the home in the 1976 divorce action, prior to the fire. In the presence of the jury, she denied having any conversation with Mr. Durham about possession prior to the fire. Furthermore, our review of the exhibits in this matter confirms that specific mention of the Reynolda Road house appears nowhere in any of the documents related to the 1976 divorce proceedings. Mrs. Durham did not ask for possession of the home in her verified complaint. Reference to "the home of the parties" in the introductory form-paragraph of the order in no way merits the significance argued by defendant.

Because the defendant did not establish that plaintiff had any knowledge, prior to the fire, of Mrs. Durham's desire to have possession of the house, the proffered testimony was far too conjectural and remote to give rise to motive. Any relevance is clearly outweighed by the potential of this evidence to confuse and mislead the jury. *See* 1 Brandis on North Carolina Evidence §§ 77, 78, and 83 (1982).

No fact or circumstances in any way connected with the matter in issue or from which any inference of the disputed fact can reasonably be drawn ought to be excluded from the consideration of the jury. On the other hand, such facts and circumstances as raise only a conjecture or suspicion ought not to be allowed to distract the attention of juries from material matters.

*Pettiford v. Mayo*, 117 N.C. 27, 28, 23 S.E. 252, 253 (1895).

Although evidence of motive is relevant on the issue of the origin of the fire, *State v. Edmonds*, 185 N.C. 721, 117 S.E. 23 (1923), the evidence excluded does not tend to show a motive on the part of plaintiff. The private desires of Mrs. Durham, uncom-

municated to plaintiff, fail to establish such motive. The Court of Appeals erred in holding this evidence was improperly excluded.

[2]  The Court of Appeals also based its decision to award a new trial on findings regarding a second issue, as follows:

> The court erred in its charge to the jury both by misstating the substance of Mrs. Durham's testimony and by relaying its assumption as to what was meant by the testimony. It is the function of the jury, not the judge, to interpret testimony and it is error for the court to state its assumptions as to the meaning of testimony.

63 N.C. App. at 704, 306 S.E. 2d at 502.

We agree with the plaintiff that it was error for the Court of Appeals to consider the issue of the jury instructions in this case. No objection was made at trial to any portion of the jury instructions. Defendant did not take any exception to the jury instructions. Defendant did not make any assignment of error to the jury charge as given. In order to preserve an issue for appellate review, there must be an exception in the record and the exception must be brought forward in an appropriate assignment of error. N.C.R. App. P. 10. Otherwise, no question is presented to the appellate court. *State v. McMorris*, 290 N.C. 286, 225 S.E. 2d 553 (1976). Where a portion of the charge is challenged, it must be identified in the record on appeal by clear means of reference. N.C.R. App. P. 10(b)(2). Defendant has failed to so do. Nor has defendant complied with the other requirements of App. R. 10(b)(2).

Although the issue of "plain error" arose in the oral argument of this appeal, defendant did not argue in its brief that the Court should apply the doctrine in considering the instructions to the jury. Heretofore, this Court has limited the application of the plain error doctrine to appeals in criminal cases, and we decline to apply it in appeals in civil cases. *See State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983).

Defendant failed to properly present this issue to the Court of Appeals and to this Court. The rules of appellate procedure are mandatory and we decline to consider the argument. *Craver v. Craver*, 298 N.C. 231, 258 S.E. 2d 357 (1979).

Defendant argues other assignments of error which were presented to but not discussed by the Court of Appeals. We find no prejudicial error in these assignments.

[3] Defendant first argues that the trial court erred in excluding evidence defendant contends shows that about ten years prior to this fire, plaintiff and his wife were separated and another fire loss occurred in property they jointly owned. Defendant offers this evidence to show plan or design on the part of plaintiff. We are not required to resolve the issue of whether prior acts of a party can be admitted in a *civil* case to show plan or design. 1 Brandis, *supra*, § 92. *See* N.C.R. Evid. 404(b) (effective 1 July 1984). We hold that any possible relevance of plaintiff's actions ten years ago is far outweighed by the unwarranted prejudice the evidence would produce. *Electric Company v. Dennis*, 259 N.C. 354, 130 S.E. 2d 547 (1963); 1 Brandis, *supra*, § 80. The trial judge properly excluded this evidence.

We find no evidence in the record to justify defendant's argument that the trial court committed prejudicial error by communicating to the jury an attitude antagonistic to defendant's case. Defendant relies on the following actions by the trial judge in support of this argument. The trial court did not formally declare witnesses Holcomb, Spillman, or Zwick to be experts. It is not necessary for a trial judge to declare a witness to be an expert. 1 Brandis, *supra*, § 133. This is especially true where, as here, the opposing party concedes that the witness is an expert. *See State v. Perry*, 275 N.C. 565, 169 S.E. 2d 839 (1969). The court's questions to the witness Zwick were for clarification purposes and displayed no antagonistic attitude. The trial judge's response, "You are right. Let's move on," to counsel's statement that he believed that a witness had answered a question did not manifest an antagonistic attitude by the judge. Rather, it showed his commendable efforts to keep the trial moving forward. Alone or together, we find no error in these arguments by defendant.

[4] Defendant contends the trial court erred in failing to submit an issue to the jury of whether plaintiff failed to submit to an examination under oath by defendant. The statute, N.C.G.S. 58-176(c), and the policy in question required plaintiff to submit to "examinations under oath." The evidence discloses that plaintiff went to the office of defendant's attorney and found that an ex-

amination under oath, a deposition, had been scheduled for that time. Plaintiff told defendant's counsel that plaintiff should have his lawyer present. Defendant's counsel readily agreed, and the deposition did not proceed. Following negotiations by counsel, defendant did proceed with the deposition and plaintiff submitted to the examination under oath. Defendant argues strenuously, but the facts disclose that plaintiff complied with the policy requirements in submitting to the examination under oath. The fact that the examination was delayed was not attributable entirely to plaintiff; both plaintiff and defendant were responsible for the delay. The examination under oath had been held, and the trial court properly refused to submit this issue.

[5] The defendant originally requested an issue substantially as that submitted by the trial judge: "Was the fire intentionally caused by the plaintiff, E. J. Durham?" Thereafter, defendant requested an issue of whether plaintiff increased the hazard of loss in breach of the policy.

There is no evidence that plaintiff intentionally increased the hazard of loss. Plaintiff's evidence indicated that the fire resulted from an electric toaster oven that was not unplugged from the electrical source. Negligence by an owner is not an increase of the hazard within the meaning of the policy. *Whitehurst v. Fay. M. Insurance Co.*, 51 N.C. 352 (1859); 18 Couch on Insurance 2d § 74:658 (rev. ed. 1983). Defendant's contention at trial was that plaintiff set the fire. This issue was submitted to and answered by the jury. The form of the issues is in the discretion of the trial judge. *Griffin v. Insurance Co.*, 225 N.C. 684, 36 S.E. 2d 225 (1945). We find no abuse of discretion. *See* N.C.R. Civ. P. 49(b).

Defendant insists that the trial judge erred in failing to give the instruction on impeachment of witnesses that he requested. The trial judge gave an adequate and proper instruction on impeachment of witnesses by prior inconsistent testimony. Instructions do not have to be in the precise language submitted by the party. *State v. Beach*, 283 N.C. 261, 196 S.E. 2d 214 (1973). Three times during the instructions to the jury the trial judge gave the substance of defendant's request. We find no error.

Last, defendant contends, without citing any authority, that it should have had the final argument to the jury. Where defendant introduces evidence, as here, the decision of the trial judge

with respect to the order of arguments is final and not reviewable. *Heilig v. Insurance Co.*, 222 N.C. 231, 22 S.E. 2d 429 (1942); *Lumber Co. v. Elizabeth City*, 181 N.C. 442, 107 S.E. 449 (1921). *See* N.C. Gen. R. Prac. 10.

The decision of the Court of Appeals is reversed, and this case is remanded to that court for further remand to Superior Court, Forsyth County, for reinstatement of the judgment of the trial court in favor of plaintiff.

Reversed and remanded.

Justice MITCHELL did not participate in the consideration or decision of this case.