JEAN S. TATUM v. FRANK TATUM

No. 8514SC714

(Filed 4 March 1986)

1. **Negligence § 34.1— unexpected starting of automobile—contributory negligence—evidence sufficient**

    There was sufficient evidence to submit contributory negligence to the jury where defendant was plaintiff's husband; defendant owned a 1972 Datsun which did not have a battery hold-down or a functional hand brake; the battery sat in the car with nothing to hold it in place and had previously fallen; defendant was driving with plaintiff as a passenger when the car stalled; defendant left the car in second gear, left the switch on, and did not place anything under the wheels when he raised the hood; the car did not have a rod to hold the hood up, so defendant asked plaintiff to hold the hood while he put the battery back in place; plaintiff stood in front of the car to hold the hood; when defendant replaced the battery, the vehicle started, knocked plaintiff down, ran over her, and dragged her eight or ten feet; and there was nothing to prevent plaintiff from holding the hood from beside rather than in front of the car.

2. **Appeal and Error § 31.1— alleged error in instruction—App. Rule 10 not complied with**

    Plaintiff failed to comply with the requirements of App. Rule 10(b) when arguing that the trial court erred by denying her motion to set aside the verdict based on its instructions on contributory negligence where error in the instructions was not the basis of the motion to set aside the verdict; no objection was made at trial to any portion of the jury instructions; plaintiff's attorney responded in the negative when asked if there were objections to the charge; plaintiff did not take any exception to the jury instructions or make any assignment of error to the charge as given; and the challenged portion of the charge was not clearly identified in the record on appeal.

    Judge PHILLIPS dissenting.

APPEAL by plaintiff from *Lee, Judge.* Judgment entered 28 March 1985 in Superior Court, DURHAM County. Heard in the Court of Appeals 4 December 1985.

Plaintiff appeals from a judgment for defendant entered upon a verdict finding that plaintiff was injured by defendant's negligence, but that plaintiff was contributorily negligent.

*Arthur Vann for plaintiff appellant.*

*Bryant, Drew & Patterson, P.A., by Victor S. Bryant, Jr., for defendant appellee.*

WHICHARD, Judge.

[1]   Plaintiff's sole contention is that the court erred in denying her motion to set aside the verdict on the contributory negligence issue.

> Where no question of law or legal inference is involved, a motion to set aside the verdict is addressed to the sound discretion of the trial court and its ruling is not subject to review in the absence of an abuse of discretion. (Citations omitted.) But when a judge . . . grants or refuses to grant a new trial because of some question of law or legal inference which the judge decides, the decision may be appealed and the appellate court will review it.

*In re Will of Herring,* 19 N.C. App. 357, 359-60, 198 S.E. 2d 737, 739-40 (1973). The submission of a contributory negligence issue where there is no evidence of contributory negligence is error, and the court errs as a matter of law if it denies a motion to set aside the verdict under such circumstances. *Jacobs v. Locklear,* 310 N.C. 735, 314 S.E. 2d 544 (1984), *modifying and affirming,* 65 N.C. App. 147, 308 S.E. 2d 748 (1983). The issue thus is whether there was evidence from which the jury reasonably could conclude that plaintiff contributed to her injury by her own negligence. We hold that there was.

Our Supreme Court has stated the applicable legal principles as follows:

> An apt statement of the doctrine of contributory negligence for purposes of this appeal is found [in] *Clark v. Roberts,* 263 N.C. 336, 139 S.E. 2d 593 (1965):
>
>> "Every person having the capacity to exercise ordinary care for [her] own safety against injury is required by law to do so, and if [she] fails to exercise such care, and such failure, concurring and cooperating with the actionable negligence of defendant contributes to the injury complained of, [she] is guilty of contributory

negligence. Ordinary care is such care as an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury. [Citations omitted.]

Plaintiff is subject to this universal rule, but [her] conduct on this occasion 'must be judged in the light of the general principle that the law does not require a person to shape [her] behavior by circumstances of which [she] is justifiably ignorant, and the resultant particular rule that a plaintiff cannot be guilty of contributory negligence unless [she] acts or fails to act with knowledge and appreciation, *either actual or constructive*, of the danger of injury which [her] conduct involves.' [Citations omitted.]" (Emphasis added.)

In order for contributory negligence to apply, it is not necessary that plaintiff be *actually aware* of the unreasonable danger of injury to which [her] conduct exposes [her]. Plaintiff may be contributorily negligent if [her] conduct ignores unreasonable risks or dangers which would have been apparent to a prudent person exercising ordinary care for [her] own safety. *See* Restatement (Second) of Torts Sec. 466(b) and Comment f, W. Prosser, [Law of Torts], Sec. 65 at 424 [(4th ed. 1971)]. *Accord, Clark v. Roberts, supra.* Simply put, the existence of contributory negligence does not depend on plaintiff's *subjective* appreciation of danger; rather, contributory negligence consists of conduct which fails to conform to an *objective* standard of behavior—"the care an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury." *Clark v. Roberts, supra.*

*Smith v. Fiber Controls Corp.,* 300 N.C. 669, 673, 268 S.E. 2d 504, 507 (1980). "If there is more than a scintilla of evidence, contributory negligence is for the jury." *Pearson v. Luther,* 212 N.C. 412, 421, 193 S.E. 739, 745 (1937).

Viewed in the light most favorable to defendant, *Smith,* 300 N.C. at 673, 268 S.E. 2d at 507, the evidence here pertinent to contributory negligence tends to show the following:

Defendant, plaintiff's husband, owned a "straight drive" 1972 Datsun automobile. The vehicle did not have a battery "hold-

down." Part of the hold-down had broken off, and defendant had never replaced it. The battery thus was "sitting there" with nothing to hold it in place. On prior occasions the battery "had fell off" and defendant "just picked it up and set it back up there." Defendant had let his brother use the battery out of the Datsun and had taken the battery from his other automobile and "set it in" the Datsun unsecured. Defendant knew the battery was unsecured.

On the evening in question defendant was driving the Datsun with plaintiff in the front passenger seat. The vehicle stalled. The hand brake had never worked, so defendant left the vehicle in second gear. He also left the "switch key" on. He did not place anything under the wheels to keep the vehicle from moving.

After he raised the hood, defendant told plaintiff that the battery "fell off." The vehicle did not have a rod to hold the hood up, so defendant asked plaintiff to come to the front of the vehicle and hold up the hood while he put the battery back in the box.

When defendant put the battery back in the box, the vehicle "started running again." It "pushed [him] back." It then knocked plaintiff down and ran over her, dragging her eight or ten feet. Plaintiff sustained extensive personal injuries.

Defendant testified that there was nothing to prevent plaintiff from holding the hood up from a position beside, rather than in front of the vehicle. The battery had tilted over on previous occasions, however, and the vehicle had not started when he set the battery upright. He thus did not expect the vehicle to start when he set the battery upright on this occasion.

An automobile mechanic testified that incidents of this type had occurred in his shop. He gave his opinion as to the cause.

Plaintiff testified that she had no automotive mechanical ability other than "driving one." When the vehicle "knocked off," defendant told her that the battery had tipped over. She could see that. She was holding up the vehicle's hood from the front when the vehicle started, knocked her down, ran over her, and dragged her. Defendant was on the driver's side of the vehicle. There was no reason she could not have gone around to the other side of the vehicle to hold up the hood, although it was "better" to hold it from the front. When she exited from the car she went

"straight around to the front." She knew before she went and stood in front of the vehicle that defendant had not put anything under the wheel and that there was nothing under the wheel to keep the vehicle from moving.

We find in the foregoing sufficient evidence from which a jury could conclude that by standing in front of the vehicle while defendant returned the battery to its box, plaintiff failed to use the care that an ordinarily prudent person would have exercised under similar circumstances to avoid injury. The evidence indicates that plaintiff could have held up the hood by standing to the side of the vehicle rather than in front of it. She knew that there was nothing under the wheels to keep the vehicle from moving. She could observe that the vehicle was in gear and the "switch key" was on.

While plaintiff testified that she had no automotive mechanical ability other than "driving one," "the existence of contributory negligence does not depend on plaintiff's *subjective* appreciation of danger; rather, [it] consists of conduct which fails to conform to an *objective* standard of behavior—'the care an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury.'" *Smith, supra.* We cannot say *as a matter of law* that an ordinarily prudent person under the same or similar circumstances as plaintiff would not have been aware of the potential danger and taken care to avoid injury. There was "more than a scintilla of evidence" of contributory negligence, which made the issue one for the jury. *Pearson, supra.* The court thus did not err in denying plaintiff's motion to set aside the verdict on the contributory negligence issue.

[2] As part of her argument that the court erred in denying her motion to set aside the verdict, plaintiff contends the court erred in its instructions on the issue of contributory negligence. Error in the instructions was not the basis of the motion to set aside the verdict, however. Further, no objection was made at trial to any portion of the jury instructions. On the contrary, plaintiff's attorney responded "No, Your Honor," when asked if there were objections to the charge or to omissions therefrom. Further still, plaintiff did not take any exception to the jury instructions or make any assignment of error to the charge as given. To preserve an issue for appellate review, there must be an exception in the

record which is brought forward in an appropriate assignment of error. N.C. R. App. P. 10. Otherwise, no question is presented to the appellate court. *Durham v. Quincy Mutual Fire Ins. Co.*, 311 N.C. 361, 367, 317 S.E. 2d 372, 377 (1984), citing *State v. McMorris*, 290 N.C. 286, 225 S.E. 2d 553 (1976). Where a portion of the charge is challenged, it must be identified in the record on appeal by clear means of reference. *Id.*, citing N.C. R. App. P. 10(b)(2). Plaintiff has failed to do this and to comply with other requirements of N.C. R. App. P. 10(b)(2). While plaintiff has not asked us to apply "plain error," we note that this doctrine does not apply in appeals in civil cases. *Id.*

Because we find no error in plaintiff's appeal, we need not pass on defendant's cross appeal in which he contends that the court erred in denying his motion for directed verdict.

No error.

Judge JOHNSON concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my view the evidence recorded does not support the finding that plaintiff was contributorily negligent, and a new trial should be ordered. The law does not require people to act on the premise that others have been or will be negligent; in the absence of circumstances indicating otherwise, every person has a right to assume that others have acted and will continue to act with due care. Not a word in the evidence suggests that plaintiff either knew or should have known that defendant had left the switch on and the car in gear; and that, under these circumstances, she stood in front of the car when holding up the hood is no proof whatever of negligence. People holding up the hoods of idle, unattended cars nearly always stand in front because it is the natural and convenient place to stand and there is no reason not to do so *if the ignition is not on and the car is not in gear.* That plaintiff "could have observed," as the opinion states, "that the vehicle was in gear and the 'switch key' was on" is no indication that she *should* have observed any such thing. Unless there is some indication of oversight or incompetence, the law permits car passengers

In re Application of Walsh

to trust their drivers to perform the simple act of parking the car safely; certainly it does not require them to verify that the driver cut off the ignition. The law, it is said, does not permit one to profit from his own wrong. Yet this decision permits defendant to escape liability on the brazen, unconscionable and legally absurd ground that plaintiff did precisely what he asked her to do, a seemingly innocuous thing, and did it in a manner entirely suitable to him, since he did not suggest that she stand elsewhere.