THOMAS D. EARLS AND WIFE, MARY ANN EARLS v. LINK, INCORPORATED

No. 7722DC1001

(Filed 3 October 1978)

1. **Evidence § 48.2— builder with 20 years experience—expertise established—testimony about chimney construction proper**

In an action to recover the costs of repairing a defective chimney in a house bought by plaintiffs from defendant, the trial court did not err in permitting a county building inspector to testify as an expert concerning the proper construction of chimneys and flues, though the witness was not an expert in combustion and related matters, since the witness had been in the construction business for 20 years, and the issue before the court was the defective construction of the chimney in question; however, the witness's testimony concerning the N.C. Building Code would not be competent as evidence of defective construction by the defendant corporation *per se*, as it was not in effect in the county at the time the chimney and flue were constructed, but it can be assumed that the judge disregarded such incompetent evidence since there was other competent evidence upon which he could conclude that the construction was defective.

2. **Limitation of Actions § 4; Vendor and Purchaser § 6.1— defective chimney—accrual of cause of action from discovery of defect**

In an action to recover the costs of repairing a defective chimney in a house bought by plaintiffs on 16 June 1971 from defendant, plaintiffs could not reasonably have discovered the defect in the chimney until they first used the fireplace early in 1974, at which time the defect was discovered; therefore,

G.S. 1-15(b) applied to make plaintiffs' cause of action accrue in 1974, and, having been instituted 19 November 1976, the action was timely and was not barred by G.S. 1-52(5), the three year statute of limitations.

3. **Sales § 6.4; Vendor and Purchaser § 6.1— builder's sale of house—implied warranty as to construction of chimney**

    A builder-vendor warrants that a fireplace and attached chimney will adequately remove to the exterior smoke from a fire constructed therein when such fire is within the normal and contemplated use of the fireplace; therefore, in an action to recover the costs of repairing a defective chimney in a house bought by plaintiffs from defendant builder, the trial court did not err in awarding judgment to plaintiffs on a theory of breach of implied warranty.

APPEAL by defendant from *Martin (Lester), Judge.* Judgment entered 4 August 1977 in District Court, DAVIDSON County. Heard in the Court of Appeals 18 September 1978.

Plaintiffs filed this civil action on 19 November 1976 to recover the costs of repairing a defective chimney in the home which they had purchased from the defendant corporation, the builder of the home. Defendant denied that the chimney was defective and asserted the three-year statute of limitations (G.S. 1-52(5)) as a bar to plaintiffs' action.

At trial before the judge and without a jury, plaintiffs testified that they first tried to build a fire in the fireplace in January or February of 1974, and that when they did so, the smoke backed up into the living areas of the house; on subsequent occasions, they again tried to build fires in the fireplace and the same thing happened. After checking the chimney for obstructions and finding none, plaintiffs informed the defendant corporation of the problem, but Link, Incorporated, declined to do anything about it. Plaintiffs' evidence tended to show that the chimney would have to be torn down and rebuilt to correct the problem, and that this would cost $1,397.50. The Building Inspector for Davidson County testified that the chimney did not conform to present standards of the Building Code of North Carolina, in that one flue liner instead of two was used in a portion of the chimney, causing a constriction of the area to which smoke from the fireplace could be drawn. He further testified that in his opinion the defect could not be remedied without tearing down the present chimney and rebuilding it with the proper number of flue liners. The trial judge ruled that, on the basis of the witness's twenty (20) years of experience in the construction business and

because of his experience as Building Inspector for Davidson County, the witness could give his expert opinion as to whether the present construction of the chimney would cause it not to draw properly. It was his opinion that the present construction of the chimney *would* cause it not to draw properly. On cross-examination, the witness stated that the Building Code of North Carolina was not enforced in Davidson County in 1972, and that he was not an expert on matters of heat and combustion.

At the close of plaintiffs' evidence, defendant moved to dismiss the action. This motion was denied by the trial court. Dewey Link, president of the defendant corporation, then testified that there was only one flue liner at the second level of flue liners in the plaintiffs' chimney and that the chimney was not constructed as it should have been, but denied that the defect would keep the chimney from operating properly.

The trial court found a breach of implied warranty by the defendant and that the plaintiffs' claim was not barred by any statute of limitations. He awarded the plaintiffs $1,397.50 plus accrued interest. From this judgment, defendant appeals.

*Wilson, Biesecker, Tripp & Wall, by Joe E. Biesecker and Roger Tripp, for defendant appellant.*

*Stokes, Bowers and Gray, by Carl W. Gray, for plaintiff appellees.*

MARTIN (Robert M.), Judge.

[1] Defendant appellant's first question on appeal pertains to the trial court's admission of certain testimony by plaintiffs' witness Graham Sowers, a Building Inspector for Davidson County. It is contended that it was error for the witness to be qualified as an expert and for his testimony concerning the North Carolina Building Code to be admitted since the Code was not enforced in Davidson County at the time the chimney in question was constructed.

The trial court found that the witness Graham Sowers had been in the construction business for twenty (20) years, that he was a Building Inspector for Davidson County, and as such was competent to testify as an expert concerning the proper construction of chimneys and flues. Defendant asserts that because

Sowers was not an expert in combustion and related matters he could not be competent to testify as an expert in regard to the chimney in question and its alleged defects. This assertion is without merit. The issue presented to the trial court was the defective construction of the chimney flue. The record is devoid of any evidence that the type of fire or methods of combustion occurring in the fireplace attached to the instant chimney and flue were in any way relevant to the failure of the chimney to draw properly. All that was in contention was the *construction* of the chimney and flue, and Graham Sowers was amply qualified to testify as an expert in that area.

While Sowers' testimony concerning the North Carolina Building Code would not be competent as evidence of defective construction by the defendant corporation *per se*, as it was not in effect in Davidson County at the time the chimney and flue were constructed, it is arguably competent as evidence of good construction practice generally. Even if the evidence is taken to be incompetent, there is other competent evidence upon which the trial judge could conclude that the construction was defective: specifically, the testimony of the plaintiffs and the admissions of the president of the defendant corporation. In a trial before a judge without a jury where there is competent evidence to support the judge's findings of fact, it will be assumed that he disregarded any incompetent evidence also before him. *City of Statesville v. Bowles*, 278 N.C. 497, 180 S.E. 2d 111 (1971). These assignments of error are accordingly overruled.

Defendant next assigns error to the failure of the trial judge to grant his motion to dismiss at the close of plaintiffs' evidence. This assignment of error is without merit, on the face of the record and under applicable North Carolina precedent. *See, Helms v. Rea*, 282 N.C. 610, 194 S.E. 2d 1 (1973); Phillips, 1970 Supplement to 1 McIntosh, *North Carolina Practice and Procedure* § 1375. This assignment of error is overruled.

[2] Defendant further contends that the plaintiffs' action is barred by G.S. 1-52(5), the three-year statute of limitations. In the absence of any other applicable statute of limitations, this would be true, and the action would have to be dismissed. Plaintiffs have suggested that the six-year statute of limitations (G.S. 1-50(5), dealing with improvements to real property) is applicable.

However, this statute indicates on its face that it does not apply "to any person in actual control as owner . . . of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury for which it is proposed to bring an action." G.S. 1-50(5); *Sellers v. Refrigerators, Inc.*, 283 N.C. 79, 194 S.E. 2d 817 (1973). G.S. 1-15(b), however, provides that, except where otherwise provided a cause of action (other than for wrongful death, malpractice, or failure to perform professional services) which originated under circumstances making the defect complained of not readily apparent to the claimant at the time of its origin, is deemed to have accrued at the time it was discovered by the claimant or ought reasonably to have been discovered by him, whichever event occurs first, provided that in such cases the period shall not exceed ten (10) years from the last act of the defendant giving rise to the claim for relief. In the instant case, the evidence shows that the property in question was acquired by the plaintiffs 16 June 1971 and that the first time the plaintiffs used the fireplace was early in 1974, at which time the defect was discovered. Plaintiff was not a construction expert, and could not reasonably have discovered the defect in the chimney until he sought to build a fire in the fireplace attached to it. We find, therefore, that G.S. 1-15(b) is applicable, that plaintiffs' cause of action accrued in 1974, and that having been instituted 19 November 1976, the action was timely and not barred by the applicable statute. Defendant's assignment of error is accordingly overruled.

[3] Defendant lastly contends that the trial court erred in awarding judgment to the plaintiffs on a theory of breach of implied warranty, as there was no competent evidence to support such a judgment. This contention is without merit. *See, Hartley v. Ballou*, 286 N.C. 51, 209 S.E. 2d 776 (1974), discussing a builder-vendor's implied warranties, generally. In *Lyon v. Ward*, 28 N.C. app. 446, 221 S.E. 2d 727 (1976), this Court interpreted *Hartley v. Ballou* to stand for the proposition that the builder-vendor of a house impliedly warrants to the initial purchaser that it and *all its fixtures* (emphasis ours) will provide the service or protection for which it was intended under normal use and conditions. Thus, in *Lyon* it was held that the builder-vendor of a house impliedly warranted to his vendee at the time of taking of possession or passing of the deed that a well constructed on the premises by

such builder-vendor would provide an adequate and useable water supply for the house. In the instant case, we hold that a builder-vendor similarly warrants that a fireplace and attached chimney will adequately remove to the exterior smoke from a fire constructed therein, when such fire is within the normal and contemplated use of the fireplace.

As the findings of fact of the trial court are supported by competent evidence, and the findings of fact support the conclusions of law, the judgment of the trial court is affirmed.

Affirmed.

Judges PARKER and HEDRICK concur.