THE ASHEVILLE SCHOOL v. D. V. WARD CONSTRUCTION, INC., AND BANK-
ERS MORTGAGE CORPORATION D/B/A BAMOCOR, INC.

No. 8528SC557

(Filed 31 December 1985)

1. **Limitation of Actions § 4.3 — defective roof — plaintiff's knowledge — breach of contract action barred by statute of limitations**

    The trial court did not err in granting defendants' motions for judgment n.o.v. on the issue of breach of contract since plaintiff knew as early as sometime in 1977 that its roof was defective, even if it was not aware of the extent of the damage, but plaintiff did not file its complaint until 11 June 1981, and the action was therefore barred by the statute of limitations; moreover, defendants were not estopped from pleading the statute of limitations because one defendant repeatedly promised to repair the roof and assured plaintiff that everything was fine, since the assurances faded in the face of repeated leaks in the roof and plaintiff slept on its rights until the opportunity to bring suit had expired.

2. **Contracts § 21.2 — negligence in repairing roof — insufficiency of evidence**

    The trial court did not err in granting defendant's motion for directed verdict on the issue of negligent roof repairs where plaintiff presented evidence of damages resulting from the failure to complete its gym in accordance with the original plans and specifications but did not offer any evidence of damages

The Asheville School v. Ward Construction, Inc.

resulting from improper repairs to the roof after completion, nor was there evidence of the difference in the market value of the gym before and after the repairs or evidence of the cost of repairs to the roof.

**3. Damages § 1— nominal damages—failure to submit issue—no prejudice**

Failure to submit the issue of negligent repairs to the jury when only nominal damages are available is not prejudicial and reversible error, since nominal damages are a trivial sum awarded in recognition of a technical rather than a substantial injury.

APPEAL by plaintiff from *Lewis, Robert D., Judge.* Judgment entered 8 November 1984. Heard in the Court of Appeals 20 November 1985.

On 12 December 1973 plaintiff and Heritage, Inc. entered a contract under which Heritage was to construct a gymnasium for plaintiff. Plaintiff inspected the building and took possession on 9 January 1975. It then discovered that the roof leaked.

Plaintiff's director of athletics wrote a memo to Heritage regarding the leaks on 18 November 1975. On 8 January 1976 he placed the leaks on a "Gymnasium Warranty Items" list which he submitted to Heritage. Don Ward, who had been employed originally by Heritage to build the gym, performed repair work on the roof subsequent to completion as well. Plaintiff's athletic director testified that in 1976 and 1977 Ward and his company

would come out and fix the leaks occasionally. We would call them; they would come out; they would repair leaks. We would feel that perhaps the problem had been solved, and then we would see a new leak develop and we'd go through the same process, call them again and try to get them out. We'd get it perhaps solved temporarily again, hoping it to be permanently solved, but it seemed it just went on and on that way and we never did get complete resolution of the problem. . . . [W]e would get some water in the basketball area . . . they would do some work on the roof, things would seem to be okay, and then at a later time, we'd get a leak at another spot develop, or sometimes at that same spot.

Plaintiff ultimately had the entire roof replaced at a cost of $107,000.

Defendants D.V. Ward Construction Inc. (D.V. Ward) and Bankers Mortgage Corporation d/b/a Bamocor, Inc. (BMC) are suc-

cessor corporations to Heritage. Plaintiff filed an action on 11 June 1981 against various defendants alleging breach of contract and the construction of a defective roof. On 19 November 1981 the court ordered BMC joined as a party. The original complaint asserted only a claim for negligent repairs against D.V. Ward. On 25 July 1983, however, plaintiff amended its complaint against D.V. Ward to allege a claim for the original breach of contract and defective construction.

The court granted D.V. Ward's motion for directed verdict on the issue of negligent repairs. It found as a matter of law that Heritage breached its contract with plaintiff, and it submitted only the issue of damages to the jury. The jury awarded damages of $107,000. The court then granted D.V. Ward's and BMC's motions for judgment notwithstanding the verdict.

From the judgment entered, plaintiff appeals.

*Morris, Golding, Phillips & Cloninger, by James N. Golding and John C. Cloninger, for plaintiff appellant.*

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Marla Tugwell, and Roberts, Cogburn, McClure and Williams by Frank Graham, for defendant appellee D.V. Ward Construction, Inc.*

*Russell, Greene & King, P.A., by William E. Greene, for defendant appellee Bankers Mortgage Corporation d/b/a Bamocor, Inc.*

WHICHARD, Judge.

[1] Plaintiff contends the court erred by granting defendants' motions for judgment notwithstanding the verdict on the issue of breach of contract. We disagree. Without addressing whether plaintiff may bring an action against these particular defendants, we find that plaintiff's action for breach of contract is barred by N.C. Gen. Stat. 1-52(1), the three year statute of limitations, and N.C. Gen. Stat. 1-52(16), which provides that in an action for physical damage to claimant's property "the cause of action . . . shall not accrue until . . . physical damage to [claimant's] property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs."

Our Supreme Court recently addressed the precise issue raised. In *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C.

488, 329 S.E. 2d 350 (1985), plaintiff had contracted with defendants to construct an industrial plant. Plaintiff filed an action in 1981 alleging that faulty construction had caused the roof to leak. The court held that N.C. Gen. Stat. 1-52(1), (16) barred the action as a matter of law. It reasoned:

> The plaintiff . . . first complained of leaks in the roof within two months after occupying its newly built facility. The undisputed facts show that further complaints about leaks in many spots in the roof were made over five consecutive months in 1976 and 1977. These complaints clearly show that plaintiff, although perhaps not aware of the extent of damage, knew that its roof was defective at least as early as April 1977. The statute of limitations does not require plaintiff to be a construction expert. *See Earls v. Link, Inc.,* 38 N.C. App. 204, 208, 247 S.E. 2d 617, 619 (1978). However, it does require that plaintiff not sit on its rights. Plaintiff, knowing of the existence of leaks in the roof, was put on inquiry as to the nature and extent of the problem. Plaintiff failed to inform itself of the nature and extent of the roof's defects when leaks were discovered and recurred repeatedly. Viewing the evidence in a light most favorable to plaintiff, there is nothing in the record which would indicate that plaintiff was unaware that its roof was defective until a point in time within three years prior to filing suit.

313 N.C. at 493, 329 S.E. 2d at 354.

Plaintiff here concedes that it was aware in early 1975 that the gym roof had begun to leak. Plaintiff made repeated complaints about leaks in many places over the next three years and thereafter. These complaints clearly show that plaintiff knew its roof was defective at least as early as sometime in 1977, even if it was not aware of the extent of the damage. Knowing of the leaks, plaintiff was obligated to inform itself of the nature and extent of the roof's defects. As in *Pembee,* "there is nothing in the record which would indicate that plaintiff was unaware that its roof was defective until a point in time within three years prior to filing suit." *Pembee* at 493, 329 S.E. 2d at 354.

Plaintiff contends defendants are estopped from raising the statute of limitations because defendant D.V. Ward repeatedly promised to repair the roof and assured plaintiff that everything

was fine. However, these "[a]ssurances . . . fade[d] in the face of repeated . . ." leaks in the roof. *Blue Cross and Blue Shield v. Odell Associates*, 61 N.C. App. 350, 358, 301 S.E. 2d 459, 463-64, *disc. rev. denied*, 309 N.C. 319, 306 S.E. 2d 791 (1983). "Subsequent [leaks in the roof were] ample evidence that the problem was a recurring one." *Id.* As in *Blue Cross*, plaintiff "slept on its rights until the opportunity to bring suit had expired[,]" and its estoppel argument is therefore without merit. *Id.*

Assuming, *arguendo*, that plaintiff's amended complaint against D.V. Ward of 25 July 1983 relates back to the original complaint filed 11 June 1981, the action is still barred as to both defendants by N.C. Gen. Stat. 1-52(1), (16), the three year statute of limitations. Accordingly, the court did not err by granting defendants' motions for judgment notwithstanding the verdict on the issue of breach of contract.

[2] Plaintiff next contends the court erred by granting D.V. Ward's motion for directed verdict on the issue of negligent roof repairs. We disagree.

"To overcome the motion for directed verdict plaintiff was 'required to offer evidence sufficient to establish, beyond mere speculation or conjecture, every essential element of negligence.'" *Sasser v. Beck*, 65 N.C. App. 170, 171, 308 S.E. 2d 722, 722-23 (1983), *disc. rev. denied*, 310 N.C. 309, 312 S.E. 2d 652 (1984). "The basic elements of negligence are a duty owed by [defendant] to plaintiff and nonperformance of that duty, proximately causing injury and damage." *Id.*

" '[W]here actual pecuniary damages are sought, there must be evidence of their existence and extent, and some data from which they may be computed.'" *Norwood v. Carter*, 242 N.C. 152, 156, 87 S.E. 2d 2, 5 (1955), *quoting* 25 C.J.S. 496. "Damages are never presumed." *Lieb v. Mayer*, 244 N.C. 613, 616, 94 S.E. 2d 658, 660 (1956). "The burden is always upon the complaining party to establish by evidence such facts as will furnish a basis for their assessment, according to some definite and legal rule." *Id. See also SNML Corp. v. Bank*, 41 N.C. App. 28, 38, 254 S.E. 2d 274, 280, *disc. rev. denied*, 298 N.C. 204 (1979).

Here plaintiff presented evidence of damages resulting from the failure to complete the gym in accordance with the original

plans and specifications. It did not, however, offer any evidence of damages resulting from improper repairs to the roof after completion. There was neither evidence of the difference in the market value of the gym before and after the repairs nor evidence of the cost of repairs to the roof. *See Plow v. Bug Man Exterminators*, 57 N.C. App. 159, 162-63, 290 S.E. 2d 787, 789, *disc. rev. denied*, 306 N.C. 558, 294 S.E. 2d 224 (1982). Since there was no basis for assessing actual damages, plaintiff did not satisfy its evidentiary burden and could not obtain them.

[3] Plaintiff could seek nominal damages, however. Such damages are recoverable in negligence actions. *Jewell v. Price*, 264 N.C. 459, 461, 142 S.E. 2d 1, 3 (1965). Failure to submit the issue of negligent repairs to the jury when only nominal damages are available, however, is not prejudicial and reversible error, since nominal damages are a trivial sum awarded in recognition of a technical rather than a substantial injury. *Marisco v. Adams*, 47 N.C. App. 196, 198, 266 S.E. 2d 696, 698 (1980).

For the reasons stated, we find no error. The result reached renders consideration of plaintiff's evidentiary arguments unnecessary.

No error.

Chief Judge HEDRICK and Judge JOHNSON concur.