DEBRA L. CHILTOSKI AND ALVIN CHILTOSKI, PLAINTIFFS v. DAVID FLAKE DRUM,
DEFENDANT

No. COA95-198

(Filed 19 December 1995)

**Trial § 545 (NCI4th); Negligence § 16 (NCI4th)— automobile accident — admission of fault by defendant—no admission as to damages—award of new trial—failure to state grounds—error**

The trial court's order of a new trial after the jury awarded zero damages contravened N.C.G.S. § 1A-1, Rule 59(d) by failing to specify the grounds therefor within the order; furthermore, the court's apparent reason for issuance of the order—that defendant, by admitting fault, had necessarily admitted plaintiff suffered damages which were the proximate result of defendant's fault— was grounded upon a misapprehension of law.

**Am Jur 2d, Negligence §§ 33, 424 et seq.; New Trial §§ 557-563.**

Judge WYNN concurring in alternate reasoning.

Appeal by defendant from order entered 25 October 1994 by Judge John M. Gardner in Swain County Superior Court. Heard in the Court of Appeals 15 November 1995.

*Mraz & Dungan, by John A. Mraz, for plaintiff-appellee.*

*Roberts Stevens & Cogburn, P.A., by Steven D. Cogburn and Wyatt S. Stevens, defendant-appellant.*

JOHN, Judge.

Defendant appeals the award to plaintiff of a new trial pursuant to N.C.R. Civ. P. 59 (Rule 59). We reverse the trial court.

On 10 August 1992, plaintiff commenced a personal injury action against defendant. In his answer, defendant admitted that operating his automobile in such a manner as to collide with the rear of plaintiff's vehicle constituted a breach of the duty of care owed plaintiff. However, defendant specifically denied that his negligence proximately caused any bodily injury to plaintiff.

CHILTOSKI v. DRUM

[121 N.C. App. 161 (1995)]

At trial, the court combined the issues of causation and damages into a single question submitted to the jury as follows: "What amount is the plaintiff entitled to recover for personal injuries?" The jury was instructed that plaintiff was required to prove she suffered damages proximately caused by the negligence of defendant as well as the amount of such damages. The jury responded with a verdict of "none."

Upon its own initiative, the trial court thereafter entered an order 25 October 1994 providing:

> The Court in its discretion, enters the following Order,
>
> It is ORDERED, in the discretion of the Court, that the verdict of the jury is hereby set aside, and a new trial is awarded to the plaintiff.

Defendant filed notice of appeal to this Court 14 November 1994, assigning error to the court's order.

We first consider whether the court's order was violative of the procedural mandate of Rule 59(d) which reads:

> Not later than 10 days after entry of judgment the court of its own initiative, on notice to the parties and hearing, may order a new trial for any reason for which it might have granted a new trial on motion of a party, and *in the order shall specify the grounds therefor.*

(emphasis added). The rationale for requiring specification of grounds has been explained as follows:

> When the new trial is granted upon motion of a party, the grounds appear in the motion, as the reasons assigned by the movant in compliance with the requirements of Rule 59(a). When the judge acts of his own initiative he must set out the grounds in his order. Otherwise, the purpose of the Rule will not be accomplished; the record will not reveal the basis upon which the order is made or permit intelligent review by an appellate court.

W. Brian Howell, *Shuford North Carolina Civil Practice and Procedure* § 59-15 (4th ed. 1992) (*quoting Fried v. McCroth*, 133 F.2d 350 (D.C. Cir. 1942)); *see also In re Will of Herring*, 19 N.C. App. 357, 360, 198 S.E.2d 737, 748 (1973) (citations omitted) (trial court erred in setting aside verdict and ordering new trial for "errors of law committed at trial" on its own initiative without specifying the errors

upon which order was based; without specificity, "appellate court would be forced to embark on a voyage of discovery through an uncharted record to find the errors of law referred to in the order.").

Significantly, the order at issue contains neither findings nor explication reflecting the grounds for the court's action. The trial court's order therefore lacks any basis upon which to conduct appellate review and must be reversed. *See id.* Moreover, unlike the separate concurrence, we do not read Rule 59(d) to require that *sua sponte* action by the trial court be accompanied by a statement of the reasons therefor *only* "after entry of judgment," but rather as setting forth the maximum time, *i.e.*, up to 10 days following entry of judgment, within which the court is statutorily authorized to act upon its own initiative.

In addition, we note while "voyaging through the record" that immediately following the jury verdict, the trial court excused the jury and then stated: "The verdict is zero. That is not an appropriate verdict—or legal verdict under the evidence in the case." The court also informed counsel at the jury charge conference that it would not submit an instruction on nominal damages because there had been an "admission of liability" by defendant. The court further indicated its opinion that defendant, in consequence of having conceded fault in the collision, had admitted plaintiff sustained some injury as a proximate result of defendant's negligence. According to the trial court, by admitting fault, defendant admitted plaintiff "has suffered at least some pain and suffering as a proximate result of the accident." Therefore, the court announced, "[i]f the jury comes back with zero it will be set aside. That is not a possible verdict in this case." Finally, the trial court observed:

> In a PI case the only formula is—if the case is worth trying there's going to be evidence of pain and suffering . . . . I say that every chance I get. I said it at a conference for Superior Court judges without any effect; so now I'm saying it to the Appellate Courts.

The trial court's pronouncement that the jury verdict of "none" was not a "legal verdict," when read in conjunction with the court's statements noted above, indicates that the court's apparent basis for granting a new trial on its own initiative was its belief that by admitting fault, defendant had necessarily admitted plaintiff suffered damages which were the proximate result of defendant's fault. Even considering *arguendo* the foregoing as specification of the trial court's grounds in satisfaction of the requirement of Rule 59(d), the court

acted under a misapprehension of law and its order constituted reversible error.

While an order for new trial pursuant to Rule 59 which satisfies the procedural requirements of the Rule may ordinarily be reversed on appeal only in the event of "a manifest abuse of discretion," when the trial court grants or denies a new trial "due to some error of law," then its decision is fully reviewable. *Garrison v. Garrison*, 87 N.C. App. 591, 594, 361 S.E.2d 921, 923 (1987) (citation omitted). Appellate courts thus must utilize the "abuse of discretion" standard only in those instances where there is no question of "law or legal inference." *Seaman v. McQueen*, 51 N.C. App. 500, 505, 277 S.E.2d 118, 121 (1981) (citation omitted).

In order to establish a claim for negligence, a plaintiff must prove that:

> (1) defendant owed a duty to plaintiff, (2) defendant failed to exercise proper care in the performance of that duty, and (3) the breach of that duty was the proximate cause of plaintiff's injury, which a person of ordinary prudence should have foreseen as probable under the conditions as they existed.

*Westbrook v. Cobb*, 105 N.C. App. 64, 67, 411 S.E.2d 651, 653 (1992) (citations omitted).

While defendant's admissions herein relieved plaintiff of the burden of proving the first two of the foregoing elements, defendant at no point conceded that his negligence proximately caused plaintiff's injuries or that she was entitled to "some damage[s]" based solely upon his admission of fault in the collision. Even assuming *arguendo* without deciding that the trial court's "[statement] to the Appellate Courts"—nominal damages are not appropriate in personal injury cases, *but cf. The Asheville School v. Ward Construction, Inc.*, 78 N.C. App. 594, 599, 337 S.E.2d 659, 662 (1985), *disc. review denied*, 316 N.C. 385, 342 S.E.2d 890 (1986) (nominal damages "recoverable in negligence actions," in this instance for negligent repairs)—might have applicability to the circumstance where a defendant stipulates to both fault *and proximate cause* or where the jury resolves the causation issue in favor of the plaintiff prior to reaching the separately submitted issue of damages, neither instance was present in the case *sub judice.*

In sum, the trial court's order of a new trial contravened Rule 59(d) by failing to specify the grounds therefor within the order. In

**CHILTOSKI v. DRUM**

[121 N.C. App. 161 (1995)]

addition, the trial court's apparent reasons for issuance of the order, as indicated in the record, were grounded upon a misapprehension of law. The order of the trial court is therefore reversed and the case remanded for entry of judgment upon the jury verdict rendered. *See In re Will of Herring,* 19 N.C. App. at 360, 198 S.E.2d at 740.

Reversed.

Judge LEWIS concurs.

Judge WYNN concurs with separate opinion.

Judge WYNN concurring in alternate reasoning,

I agree with the alternate reasoning offered by the majority that the trial judge's decision to award a new trial was grounded in a misapprehension of law. A verdict of zero damages is not appropriate in an instance where a defendant concedes a breach of the standard of care and that such breach caused the plaintiff an injury. In this case, however, the record indicates that the defendant did not concede causation. In fact, the trial judge instructed the jury that the plaintiff had to prove causation and the amount of the damages. While such an instruction should have lead to the submission of two issues—one on causation and a second dependent issue on the amount of damages—the trial court's instruction to the jury allowed the jury to determine that the defendant's breach was not a cause of plaintiff's injury. Therefore, a verdict of zero is a "legal verdict."

I do not agree with the majority's holding that the trial judge in this case was required to make findings of facts to support the award of a new trial. A new trial awarded under Rule 59(d) requires findings only in the instance where the trial court has made an *entry of judgment* and thereafter within 10 days of having done so, the court on its own initiative orders a new trial. *See Glen Forest Corp. v. Bensch,* 9 N.C. App. 587, 589, 176 S.E.2d 851, 853 (1970). In this case, the trial judge had not entered judgment and therefore could in its discretion award a new trial without making findings of fact.