EDWARD S. BAUM AND ANN F. BAUM, PLAINTIFFS v. JOHN R. POORE BUILDER, INC.; PETER J. VERNA, P.E.; AND C.S. BROWN TILE & MARBLE, INC., DEFENDANTS

No. COA06-636

(Filed 1 May 2007)

**1. Statutes of Limitation and Repose— breach of contract— negligence**

The trial court erred in a breach of contract and negligence case by granting summary judgment in favor of defendants based on the expiration of the pertinent three-year statutes of limita-

BAUM v. JOHN R. POORE BUILDER, INC.

[183 N.C. App. 75 (2007)]

tions because, based on plaintiffs' allegations as to when they gained their knowledge and viewing the evidence submitted to the trial court in the light most favorable to plaintiffs' position, an inference can be drawn that the limitations period had not expired before plaintiffs filed their lawsuit, and that consequently, the issue is for the jury to determine.

**2. Appeal and Error— preservation of issues—failure to argue**

The Court of Appeals declined to address the applicability of the statute of repose as a basis for summary judgment in a breach of contract and negligence case even though each defendant properly pled the statute of repose as an affirmative defense in their respective answers to plaintiffs' complaint, because: (1) in none of defendants' individual motions for summary judgment was the statute of repose raised; and (2) it is unclear from the record on appeal, or the portion of the summary judgment hearing transcript included as part of the record, whether the statute of repose was argued before the trial court.

**3. Appeal and Error— preservation of issues—equitable estoppel—failure to argue at trial**

The Court of Appeals declined to address the applicability of the doctrine of equitable estoppel as a basis for summary judgment in a breach of contract and negligence case because neither in the documents submitted as part of the settled record on appeal, nor in the portions of the transcript made available for the Court of Appeals to review, was it clear that equitable estoppel was argued before the trial court.

**4. Appeal and Error— preservation of issues—failure to assign error—failure to argue**

Although defendant Brown Tile contends the trial court erred by failing to grant summary judgment in its favor based on the additional grounds that it was not responsible for the structure of the alleged defective deck, this assignment of error is dismissed because: (1) defendant's motion was based solely on the statute of limitations; and (2) the record does not reflect whether defendant made this particular argument at the summary judgment hearing before the trial court.

Appeal by Plaintiffs from judgments entered 12 December 2005 and 11 January 2006 by Judge Yvonne Mims-Evans in Mecklenburg County Superior Court. Heard in the Court of Appeals 10 January 2007.

**BAUM v. JOHN R. POORE BUILDER, INC.**

[183 N.C. App. 75 (2007)]

*Nexsen Pruet Adams Kleemeier, PLLC, by David S. Pokela and Richard W. Wilson, for Plaintiffs-Appellants.*

*Clawson & Staubes, PLLC, by Michael J. Kitson, and James McElroy & Diehl, by Gary Hemric, for Defendant-Appellee John R. Poore Builder, Inc.*

*Joe T. Millsaps for Defendant-Appellee Peter J. Verna.*

*DeVore, Acton & Stafford, P.A., by Fred W. DeVore, III, for Defendant-Appellee Brown Tile & Marble, Inc.*

STEPHENS, Judge.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On 20 March 1995, Plaintiffs and John R. Poore Builder, Inc. ("Defendant Poore") entered into an agreement by which Defendant Poore "agreed to perform and furnish to [Plaintiffs] certain labor, materials, equipment, services, and supervision in connection with the design and construction of a house and other improvements" on Plaintiffs' property. Disagreements arose regarding the fulfillment of this contract and, through an agreement entered 29 June 1998, Plaintiffs and Defendant Poore resolved "certain claims, disputes, [and] disagreements between them[.]" By the 29 June 1998 contract, Defendant Poore agreed, *inter alia*, "to finish construction of the deck at the rear of [Plaintiffs'] house . . . in accordance with plans and specifications prepared by Pete Verna, P.E." ("Defendant Verna"). The deck was completed sometime in the fall of 1998. The design and construction of the deck, which borders a swimming pool on Plaintiffs' property, is the subject of this litigation.

By letter dated 17 December 1998, Defendant Verna communicated to Plaintiffs that he "prepared and [is] responsible for the plans and specifications for the deck at the rear of [Plaintiffs'] house," that "the plans and specifications which [he] prepared for the deck are sufficient for the intended purposes . . . [and] the pool walls are structurally sound[,]" and that he "monitored and inspected the progress of the construction of the deck . . . and certif[ied] that . . . the improvements . . . have been constructed in a manner consistent with the plans and specifications[.]"

In June 2000, Plaintiffs noticed that some tiles on the deck were beginning to crack. They subsequently contacted Defendant Poore, who instructed them to call the company that installed the tiles, C.S.

BAUM v. JOHN R. POORE BUILDER, INC.

[183 N.C. App. 75 (2007)]

Brown Tile & Marble, Inc. ("Defendant Brown Tile"), to replace the tiles. In an affidavit, Ms. Baum averred that Joe from "Brown Tile replaced the cracked tiles . . . [and] assured [her] that there were no structural problems that caused the cracked tiles. However, [Joe] did recommend purchas[ing] extra tiles since some tiles . . . would crack in the future as a result of ordinary wear and tear[.]"

In the summer of 2002, Plaintiffs again noticed that certain tiles on the deck were beginning to crack. During the same period, Plaintiffs engaged the services of a painter to provide an estimate for painting a section of the deck where the paint had begun to peel. The painter examined that section of the deck and told Ms. Baum he suspected that excessive moisture from the deck or pool was causing the damage to the paint. He recommended having the pool and deck inspected.

Plaintiffs again contacted Defendant Brown Tile to repair the cracked tiles and, based on the painter's recommendation, asked Defendant Brown Tile to investigate the suspected moisture problem. Joe from Defendant Brown Tile informed Plaintiffs that they would have to pay to replace the cracked tiles, but said that before the tile work was done, he wanted his brother Chris Brown from Brown Tile to inspect the pool and deck. Plaintiffs tried to contact Chris Brown to schedule an appointment to have the pool and deck inspected, but Chris Brown failed to return their calls. In September 2003, after failing in their efforts to obtain a full inspection of the deck and pool from Defendant Brown Tile, Plaintiffs contacted Rea Brothers, Inc. ("Rea Brothers"), a construction company based in Charlotte, to perform the inspection. Upon completing the inspection, Rea Brothers informed Plaintiffs "that the tile problems were the product of serious structural defects [in the design and construction of the deck]."

On 8 September 2004, Plaintiffs filed a complaint against Defendant Poore, alleging causes of action for breach of contract and negligence, and against Defendants Verna and Brown Tile, alleging negligence. On 26 August 2005, Defendant Brown Tile moved for summary judgment, claiming that Plaintiffs' claims were barred by the statute of limitations. Similarly, on 6 September 2005, Defendant Verna moved for summary judgment on the same ground. Following a hearing, the Honorable Yvonne Mims-Evans denied each Defendant's motion.[1] Plaintiffs then discovered and tendered to all Defendants

---

1. The initial order denying summary judgment was not included in the record on appeal. Therefore, we are unable to determine if Judge Mims-Evans based her decision on anything other than the statute of limitations.

**BAUM v. JOHN R. POORE BUILDER, INC.**

[183 N.C. App. 75 (2007)]

additional documents regarding the construction of the deck. After receiving this new information, on 24 October 2005, Defendant Poore moved for summary judgment relying on the statute of limitations.

On or about 22 November 2005, Judge Mims-Evans heard the matter on motion of all Defendants for reconsideration of her previous denial of summary judgment. By judgment entered 12 December 2005 and "[a]fter consideration of . . . newly discovered evidence, and a supplemental affidavit of Ann F. Baum dated November 10, 2005 tendered by the plaintiff," Judge Mims-Evans ruled "that the motions for summary judgment of the defendants should be granted."[2] The "newly discovered evidence" included "a report from building inspector, R.D. McClure, dated July 3, 1997 and three handwritten documents[.]"

On 22 December 2005, Plaintiffs moved to amend the trial court's judgment. In support of this motion, Plaintiffs filed a supplementary affidavit of Ms. Baum providing an explanation of the content of the three handwritten documents introduced at the summary judgment hearing. By order entered 11 January 2006, the trial court "received . . . and accepted [the supplementary affidavit] as a part of the record in this action as explanation of the record or record on appeal or clarification of the record; however, said Affidavit was not substantively considered by the Court in making its decision on Defendants' Motion at the Hearing on November 22, 2005."[3] Plaintiffs appeal from the 12 December 2005 judgment granting summary judgment in favor of all Defendants and from the 11 January 2006 "Order Clarifying Judgment." For the reasons stated herein, we reverse.

## II. STATUTE OF LIMITATIONS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005).

A defendant who moves for summary judgment bears the burden of establishing that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law.

---

2. The order granting summary judgment did not identify the ground upon which Judge Mims-Evans relied in reaching her decision.

3. Once again, this order "clarifying" the order granting summary judgment did not explain the basis upon which summary judgment was granted.

A defendant may meet this burden by "(1) proving that an essential element of plaintiff's claim is nonexistent, or (2) showing through discovery that plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that plaintiff cannot surmount an affirmative defense which would bar the claim."

*Crawford v. Boyette*, 121 N.C. App. 67, 69-70, 464 S.E.2d 301, 303 (1995) (quoting *Watts v. Cumberland County Hosp. System, Inc.*, 75 N.C. App. 1, 6, 330 S.E.2d 242, 247 (1985) (citation omitted), *rev'd on other grounds*, 317 N.C. 321, 345 S.E.2d 201 (1986)), *cert. denied*, 342 N.C. 894, 467 S.E.2d 902 (1996). When the affirmative defense of the statute of limitations has been pled, "the burden is on the plaintiff to show that his cause of action accrued within the limitations period." *Crawford*, 121 N.C. App. at 70, 464 S.E.2d at 303 (citing *Hooper v. Carr Lumber Co.*, 215 N.C. 308, 1 S.E.2d 818 (1939)). On appeal from an order granting summary judgment, our standard of review is *de novo*, and we view the evidence in the light most favorable to the non-movant. *Broughton v. McClatchy Newspapers, Inc.*, 161 N.C. App. 20, 588 S.E.2d 20 (2003).

[1] In the case at bar, Plaintiffs' cause of action for breach of contract against Defendant Poore is governed by a three-year statute of limitations. N.C. Gen. Stat. § 1-52(1) (2003). Likewise, Plaintiffs' cause of action alleging negligence against Defendants Poore, Verna, and Brown Tile is subject to a three-year statute of limitations. N.C. Gen. Stat. § 1-52(5) (2003). Under North Carolina law, for "physical damage to claimant's property, the cause of action . . . shall not accrue until . . . physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs." N.C. Gen. Stat. § 1-52(16) (2003). Therefore, in this case, Plaintiffs had three years from the time the damage to their deck became apparent or reasonably should have become apparent in which to bring their causes of action against Defendants. *See The Asheville School v. D.V. Ward Constr., Inc.*, 78 N.C. App. 594, 337 S.E.2d 659 (1985) (addressing the statute of limitations in actions alleging breach of contract), *disc. review denied*, 316 N.C. 385, 342 S.E.2d 890 (1986); *see also Howell v. City of Lumberton*, 144 N.C. App. 695, 548 S.E.2d 835 (2001) (addressing the statute of limitations in actions alleging negligence).

In *Everts v. Parkinson*, 147 N.C. App. 315, 319, 555 S.E.2d 667, 670 (2001) (quoting *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313

**BAUM v. JOHN R. POORE BUILDER, INC.**

[183 N.C. App. 75 (2007)]

N.C. 488, 491, 329 S.E.2d 350, 353 (1985) (citations omitted)), this Court recognized that

> "the question of whether a cause of action is barred by the statute of limitations is a mixed question of law and fact. However, when the bar is properly pleaded and the facts are admitted or are not in conflict, the question of whether the action is barred becomes one of law, and summary judgment is appropriate."

"When, however, the evidence is sufficient to support an inference that the limitations period has not expired, the issue should be submitted to the jury." *Hatem v. Bryan*, 117 N.C. App. .722, 724, 453 S.E.2d 199, 201 (1995) (citations omitted).

The parties before us do not contest that Plaintiffs had three years in which to bring their claims for breach of contract and negligence against Defendants, or that the three-year period did not begin to run until Plaintiffs became aware or reasonably should have become aware of the damage to their property. At issue is whether there are genuine issues of material fact as to when Plaintiffs knew or reasonably should have known about the damage to their deck, such that the evidence was sufficient on the question of when the three-year statute of limitations began to run to submit the issue to a jury for determination.

Plaintiffs argue that the damage did not become apparent nor should it reasonably have become apparent until September 2003 when they received a report from Rea Brothers documenting serious structural defects in the completed deck. To support this contention, Plaintiffs submitted to the trial court an affidavit of Ms. Baum, filed 3 October 2005, stating:

> I contacted Rea Brothers, Inc., . . . in September 2003 to inspect the deck and pool. After inspections were performed, Rea Brothers notified me that the tile problems were the product of serious structural defects. This was the first time my husband or I had any notice that the deck may have the design defects and/or construction defects for which this lawsuit has been brought.

Plaintiffs also argue, supported by the same affidavit, that they became aware of or reasonably should have been aware of the damage to their deck at the earliest in the summer of 2002, when a painter suggested that excessive moisture coming from the deck

or pool was causing the damage at issue. If either of these two contentions is accepted as the truth regarding Plaintiffs' knowledge or discovery of the damage to their property, Plaintiffs' complaint, filed 8 September 2004, is timely under the applicable statutes of limitations.

Defendants, on the other hand, contend that Plaintiffs were aware or reasonably should have become aware of the damage on 3 July 1997 when they received a report from R.D. McClure documenting design and structural flaws in the deck,[4] or no later than June 2000 when they first noticed cracked ceramic tiles on the deck. Plaintiffs, however, contend that the 3 July 1997 report from McClure was delivered to them before the completion of the deck, and the concerns raised in the report were resolved by the 29 June 1998 agreement they reached with Defendant Poore. Additionally, with regard to the cracking of tiles in June of 2000, Plaintiffs argue that when they contacted Defendant Poore to have the tiles repaired or replaced, Defendant Poore directed them to Defendant Brown Tile, and Chris Brown's brother, Joe, assured Plaintiffs that there "were no structural problems that caused the cracked tiles."

Based on Plaintiffs' allegations as to when they gained their knowledge and viewing the evidence submitted to the trial court in the light most favorable to their position, it is clear that at least an inference can be drawn that the limitations period had not expired before Plaintiffs filed their lawsuit, and that, consequently, the issue is for the jury to determine. *See Hatem, supra.* Accordingly, we conclude that the trial court erred in granting summary judgment based on the expiration of the statutes of limitations. The judgment granting summary judgment for Defendants and order clarifying judgment are therefore reversed.

---

4. The exterior walls of Plaintiffs' home were constructed with synthetic stucco systems ("EIFS"). When Plaintiffs became concerned about the EIFS used on the exterior of their house, they contacted R.D. McClure to inspect their home. In addition to an EIFS evaluation, in his report McClure expressed to Plaintiffs that the design and structure of their deck (which had not been completed at that time) concerned him. According to Ms. Baum's affidavit filed 22 November 2005, when Plaintiffs approached Defendant Poore regarding the deck issues that the McClure report brought to their attention, Defendant Poore attempted to discredit McClure, telling Plaintiffs that "Mr. McClure was not even licensed as a general contractor in North Carolina[.]" Defendant Poore also calmed Plaintiffs' fears by telling them "that the plans for the deck had been or would be prepared by an engineer, that the plans were sound, and that the plans would work."

**BAUM v. JOHN R. POORE BUILDER, INC.**

[183 N.C. App. 75 (2007)]

### III. STATUTE OF REPOSE, EQUITABLE ESTOPPEL,

### AND DEFENDANT BROWN TILE'S CROSS-ASSIGNMENT OF ERROR

**[2]** In their briefs to this Court, all parties address the statute of repose and its applicability to the facts of this case. In their respective answers to Plaintiffs' complaint, each Defendant properly pled the statute of repose as an affirmative defense. However, in none of Defendants' individual motions for summary judgment was the statute of repose raised. Additionally, it is unclear from the settled record on appeal, or the portion of the summary judgment hearing transcript included as part of the record,[5] whether the statute of repose was argued before the trial court. Accordingly, we decline to address the applicability of the statute of repose to this case. *See Griggs v. Shamrock Bldg. Servs., Inc.*, 179 N.C. App. 543, 551, 634 S.E.2d 635, 640 (2006) (holding that this Court does "not address arguments in favor of granting summary judgment that were not presented to the trial court") (citing *McDonald v. Skeen*, 152 N.C. App. 228, 567 S.E.2d 209, *disc. review denied*, 356 N.C. 437, 571 S.E.2d 222 (2002)).

**[3]** Similarly, in their brief to this Court, Plaintiffs argue that summary judgment was improper because all Defendants should be equitably estopped from relying on the statute of limitations or the statute of repose. Again, neither in the documents submitted as part of the settled record on appeal, nor in the portions of the transcript made available for this Court to review, is it clear that equitable estoppel was argued before the trial court. Consequently, we will not address the application of this legal principle to this case. *See id.*

**[4]** Finally, Defendant Brown Tile individually cross-assigns as error the trial court's failure to grant summary judgment in its favor based on "the additional grounds that it was not responsible for the structure of the alleged defective deck." As discussed above, Defendant Brown Tile's motion for summary judgment was based solely on the statute of limitations. Additionally, the record before this Court does not reflect whether Defendant Brown Tile made this particular argu-

---

5. Although the summary judgment hearing held 22 November 2005, which formed the basis of the order from which Plaintiffs appeal, was recorded and transcribed, the parties could not reach an agreement regarding the portions of the hearing transcript to be included in the record on appeal. Therefore, by order entered 26 April 2006, Judge Mims-Evans settled the record on appeal and limited the portions of the summary judgment hearing transcript that is available for our review.

IN RE B.M.

[183 N.C. App. 84 (2007)]

ment at the summary judgment hearing before the trial court. Accordingly, we will not address this argument on appeal. *See id.*

## IV. SUPPLEMENTAL AFFIDAVIT SUBMITTED BY PLAINTIFF

Finally, Plaintiffs contend that the trial court committed reversible error by failing to substantively consider Ms. Baum's supplementary affidavit filed 22 December 2005 in connection with Plaintiffs' motion to amend the summary judgment order. Because we reverse the trial court's grant of summary judgment in favor of all Defendants, it is unnecessary to address the merits of this argument.

For the reasons stated, the judgment and order clarifying judgment of the trial court are

REVERSED.

Judges TYSON and STROUD concur.